In the Matter of the Claim of NINFA MARINO, Respondent, against JOHN SARDO and Another, Employers, Respondents, Impleaded with MARYLAND CASUALTY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

**Workmen's Compensation Law — insurance — policy void for breach of warranty that no similar policy had been canceled during year — award reversed as between employers and carrier and carrier discharged — employers are liable.**

A warranty in a policy of insurance that no similar policy had been canceled by any insurance carrier during the previous year was untrue, and the breach thereof rendered the policy void, so that the carrier is not liable thereon. The award, therefore, must be reversed as between the employers and the insurance carrier and the carrier discharged from liability. Liability may be enforced against the employers in the first instance.

VAN KIRK and WHITMYER, JJ. dissent, with memorandum.

APPEAL by Maryland Casualty Company from an award of the State Industrial Board, made on the 16th day of February, 1927.

*James J. Mahoney* [*George J. Stacy* and *William S. Sinclair* of counsel], for the appellant.

*Harry L. Wechsler* [*H. Russell Winokur* of counsel], for the employers, respondents.

PER CURIAM. The warranty in the policy that no similar policy has been canceled by any insurance carrier during the past year

was untrue. It does not matter that it was inserted without the personal knowledge of the assured; nor that they did not discover it, as they might have done by reading their policy. The warranty being false, the policy was void as between the carrier and employers. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 id. 385; *Kwiatkowski* v. *Brotherhood of Am. Yeomen*, Id. 394; *Wolowitch* v. *National Surety Co.*, 152 App. Div. 14; *Feinstein* v. *Massachusetts Bonding & Ins. Co.*, 184 id. 233; affd., 230 N. Y. 621.)

On this appeal the controversy was one entirely between the carrier and employers; the dependents to whom award was made and the State Industrial Board by its counsel, the Attorney-General, were not represented. What rights the dependents may have to enforce the policy against the carrier under its terms and the provisions of section 54, subdivision 1, of the Workmen's Compensation Law we do not now undertake to determine. There is no appeal from the award against the employers; and if the award is paid by them the matter is ended. If payment cannot be so enforced, the question of the carrier's liability will naturally arise and must be considered. We will not anticipate that situation, or attempt to decide the question until all of the interested parties may be heard.

As between the employers and carrier the award should be reversed and the carrier discharged from liability to the employers on its policy, with costs to appellant against the employers; and the matter remitted to the State Industrial Board to enforce the liability against the employers in the first instance. The question of the liability of the carrier to the dependents, in the event payment is not made by the employers, is reserved.

COCHRANE, P. J., HINMAN and DAVIS, JJ., concur; VAN KIRK and WHITMYER, JJ., dissent on the ground that if the notice of appeal was served on the claimant and the Attorney-General the determination of this appeal will be binding upon them. The question whether or not the insurance carrier can, on the grounds urged here, avoid its liability to the employee under a policy which it has delivered and received the premiums upon, and which policy in terms covers the injured employee and his dependents, should be decided.

As between the employers and the insurance carrier the award is reversed and the insurance carrier discharged from liability to the employers on its policy, with costs to appellant against the employers; and the matter remitted to the State Industrial Board to enforce the liability against the employers in the first instance.