In the Matter of the Claim of JOSEPH AIOSS, Respondent, against JOHN SARDO and Another, Employers, Impleaded with MARYLAND CASUALTY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 29, 1928.

Workmen's compensation — coverage — invalidity of policy as between employer and carrier does not affect employee's right to compensation where policy is not canceled — Workmen's Compensation Law, §§ 10, 50, 52, 54, construed.

The insurance carrier contends that it is not liable to the claimant and that the accident in question is not covered by the policy on the ground that the policy is void because of fraudulent representations made by the employer. The policy was not canceled by the carrier as provided by subdivision 5 of section 54 of the Workmen's Compensation Law.

Section 10 of the Workmen's Compensation Law requires the employer to secure compensation and section 50 provides the manner in which compensation shall be secured, while section 52 penalizes the " failure to secure the payment of compensation," and section 54 regulates the right of recourse to the insurance carrier. A proper construction of all said sections read together is that whatever rights the carrier may have to cancel the policy, an employee is not affected by any claimed invalidity so long as the policy is not canceled in the manner required by law.

APPEAL by the Maryland Casualty Company from an award made by the State Industrial Board on the 8th day of March, 1927.

James J. Mahoney [George J. Stacy and William S. Sinclair of counsel], for the appellant.

*Harry L. Wechsler*, for the employers.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Assistant Attorney-General, of counsel], for the respondent.

Van Kirk, P. J. The question raised here involves only the liability of the carrier to an injured employee of the insured under its policy of insurance. Appellant's position is that there was no insurance by the Maryland Casualty Company covering the accident; the purported policy was void because of false representations. There is in the policy in declaration item 6 this: " No similar insurance has been canceled by any insurance carrier during the past year — except as herein stated: No exceptions." Among the conditions in the policy is this: " The statements in Items 1 to 6, inclusive, in the Declarations hereinafter contained, are true; * * * This policy is issued upon such statements. * * *" Similar insurance issued to this employer had been canceled within one year prior to the issuing of this policy.

The policy in this case having been " issued," and the premium paid, it became a direct obligation between the carrier and any injured employee of the insured. The Workmen's Compensation Law provides (§ 10) that every employer shall secure compensation to his employees and section 50 provides for security for payment thereof by " insuring and keeping insured " in the State Fund, or in a stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in this State, or by satisfying the requirements of subdivision 3 and procuring the consent of the Commissioner that the employer stands as a self-insurer; then follow certain provisions applying to municipalities. Section 54 requires that every policy of insurance covering the liability of an employer for compensation, " issued " by a stock company or mutual association, must contain provisions for enforcing that liability for the benefit of the injured employee by giving right of recourse to the insurance carrier. In this policy it is stipulated that it is made for the benefit of the employees of the insured employer and is enforcible against the company by such employee or in his name or on his behalf at any time and in any manner permitted by law, whether claims or proceedings are brought against the company alone, or jointly with this employer. " The obligations and promises of the Company as set forth in this paragraph shall not be affected by the failure of this Employer to do or refrain from doing any act required by the policy; nor by any default of this Employer after the accident in the payment of premiums or in the giving of any notice required by the Policy or otherwise; nor by the death, insolvency, bankruptcy, legal inca-

pacity or inability of this Employer   *   *   *." This policy was duly and regularly " issued " and " no contract of insurance issued by an insurance carrier " can be canceled, except by a ten days' notice of cancellation filed in the office of the commissioner and served on the employer. (§ 54, subd. 5.)       Having " issued " and delivered the policy, the carrier cannot be released from liability to an injured employee of the insured, except by giving such notice of cancellation.   The law is a part of every compensation insurance contract.   This provision protects the insured against the penalty for " failure to secure the payment of compensation " imposed by section 52 of the Workmen's Compensation Law (as amd. by Laws of 1926, chap. 532).   When a policy has been issued to an employer section 54, subdivision 5, protects him in " keeping insured;" he must have ten days' notice before he can be deprived of his security for compensation.   Whatever the rights may be between the carrier and the insured employer, so long as the policy, once it is issued, is outstanding, the carrier's liability to the injured employee remains.   No question of warranties or of false representations made by the employer in securing the policy and no stipulations of the policy as between the employer and carrier have force or effect as between the carrier and such an employee who was injured while the policy is outstanding.

A chief purpose of this law is to assure payment of any and every award to an injured employee; this is accomplished by requiring that every employer except a self-insurer shall insure and keep insured.   Our construction effectuates this purpose.

In *Matter of Marino* v. *Sardo* (221 App. Div. 604) this same policy was in issue.   The carrier appealed.   The claimant, dependent of the deceased employee, was not a party to the appeal; she was not heard and we did not decide whether the carrier was liable to her.   That question is now presented here and we hold that the carrier is liable.   Whether the carrier, having paid the award, has a valid cause of action against the insured employer is not here for determination.

The award should be affirmed.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award affirmed, with costs to the State Industrial Board.