JACOB BOBROW and Another, Copartners, Doing Business under the Firm Name and Style of CHAITIN & BOBROW, Respondents, and ALLIED FURRIERS CORPORATION, Appellant, *v.* UNITED STATES CASUALTY COMPANY, Appellant, Respondent.

First Department, December 5, 1930.

*Frank H. Hiscock* of counsel [*I. Maurice Wormser* and *Alfred B. Nathan* with him on the brief; *H. & J. J. Lesser*, attorneys], for the plaintiffs Chaitin & Bobrow and Allied Furriers Corporation.

*Harold R. Medina* of counsel [*William F. McNulty* with him on the brief; *William Butler*, attorney], for the defendant.

SHERMAN, J. The learned trial court in directing the verdict upon which the judgment appealed from was entered, found that the policy of burglary insurance when delivered by defendant towards the end of December, 1924, to Joseph, the agent of the assured, was made out to " Chaitin & Bobrow, and/or Allied Furriers Corporation; " that Joseph had read and retained this policy without objection for about one month and that it was then sent to the defendant's general agents to be amended by an indorsement so as to cover the premises into which the assured had moved. Thereafter on February 10, 1925, burglary losses occurred which gave rise to this action. Both plaintiffs occupied premises together, during the term of a prior binder and of the policy, neither having an interest in the goods of the other.

The policy, after reciting that it was issued in consideration of the premium and of the statements in the schedule which the assured warranted to be true by the acceptance of this policy, contained the usual question as to prior burglaries, to which the answer was that the assured had sustained no burglary loss within the last five years. The fact was that Chaitin & Bobrow had sustained no such loss, but that the Allied Furriers Corporation had about three years theretofore collected indemnity for such a loss. Defendant pleaded this breach of warranty as an adequate defense to the claim of each party plaintiff. The judgment below awards recovery to Chaitin & Bobrow for their loss, but denies it to the Allied Furriers Corporation.

This corporation asserts that it made no written application

for the policy, did not answer the question as to prior burglary losses, did not know that the policy contained that warranty, and did not sanction its insertion. It accused the defendant of interpolating into the policy without authority the false warranty and claims that this case must be decided against the insurer as was *Davern* v. *American M. L. Ins. Co.* (241 N. Y. 318). But a manifest difference exists between the facts here and those which controlled that decision. There the court's conclusion was really based upon the fraud or unfair conduct of defendant in inserting into the policy statements other than those made by plaintiff in reply to its written queries, which was done after defendant had expressly agreed to prepare and issue the policy upon the written statements made by the insured in his application, upon the blank which defendant had mailed to him for that purpose. That blank did not request any information in regard to claims for damages for previous accidents, yet defendant inserted into the policy a false warranty with respect thereto. Plaintiff had even not been questioned about it. He was lulled into a sense of security and relied on defendant's undertaking to write the policy to accord with the information demanded and received. So relying, he put the policy away without reading it. Defendant had misled plaintiff into an apparent but not a real acceptance of a contract embracing a false warranty. Here the policy contained the customary question found in burglary policies as to the existence of any prior burglary loss. With that question answered in the negative, the policy was delivered to, read and accepted by plaintiffs' broker. The broker's retention of the policy without objection, under these circumstances, binds his principal. The agent's " acts and conduct in the prosecution of the precise agency which he was authorized to conduct, the obtaining of the policy at bar, were plaintiff's." (*Wolowitch* v. *National Surety Co.*, 152 App. Div. 14.) Whether or not the plaintiffs actually saw the policy or intended to make this warranty is immaterial. (*Matter of Marino* v. *Sardo*, 221 App. Div. 604; *Metzger* v. *Ætna Insurance Co.*, 227 N. Y. 411.) Defendant had a right to rely on this representation which turns out to be false. (*Satz* v. *Massachusetts Bonding & Insurance Co.*, 243 N. Y. 385.) We conclude that the Allied Furriers Corporation cannot, upon the proof, recover.

There remains for consideration the question whether or not Chaitin & Bobrow may succeed despite the false warranty made by the Allied Furriers Corporation. The statements made by that firm were true. They did not authorize and were not responsible for the erroneous statement of the corporation as to its prior losses. The policy so far as it is ambiguous should, of course, be construed

against the defendant which prepared it and described the insured as " Chaitin & Bobrow and/or Allied Furriers Corporation." The effect of this language was to create three lines of coverage, viz., (1) losses sustained by Chaitin & Bobrow, (2) losses suffered by the Allied Furriers Corporation, (3) losses of goods in which both might be interested. The Allied Furriers Corporation had no interest in the merchandise stolen from Chaitin & Bobrow. The situation is to be regarded as virtually the same as if three separate policies of insurance had been issued, wherein each insured had made and would be held answerable for its own warranties.

In *Donley* v. *Glens Falls Ins. Co.* (184 N. Y. 107) the insurance contract was held severable as to different classes of property, separately valued, and a breach of warranty as to one did not affect the policy as to the other.

The phrase " and/or " has been judicially defined in *State* v. *Dudley* (159 La. 872, 878; 106 So. 364): " The expression and/or is quite frequently used in contracts, but we confess that this is the first time we have ever found it in a legislative act. When used in a contract, the intention is that one word or the other may be taken accordingly as the one or the other will best effect the purpose of the parties as gathered from the contract taken as a whole. In other words such an expression in a contract amounts in effect to a direction to those charged with construing the contract to give it such interpretation as will best accord with the equity of the situation, and for that purpose to use either ' and ' or ' or ' and be *held down to neither*."

In *Cuthbert* v. *Cumming* (10 Exch. 809) the meaning of the phrase was defined as follows: " The contract on the face of the charterparty was ' to load a full and complete cargo of sugar, molasses and/or other lawful produce; ' so that according to the contract the parties were either to load a full and complete cargo of sugar and molasses and other lawful produce, or a full and complete cargo of sugar and molasses, or a full and complete cargo of other lawful produce — leaving it open in every way by reason of the ' and ' and ' or ' being introduced in the charterparty."

We hold that the breach of warranty made by the corporation is no defense to the claim of Chaitin & Bobrow.

The judgment and order appealed from should be affirmed, with costs to plaintiff Chaitin & Bobrow as against defendant, and to defendant as against plaintiff Allied Furriers Corporation.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Judgment and order affirmed, with costs to plaintiff Chaitin & Bobrow as against defendant, and to defendant as against plaintiff Allied Furriers Corporation.