HARRY M. SCHAFFER, Respondent, *v.* CITY BANK FARMERS TRUST COMPANY, Appellant, Impleaded with HOWARD C. LAKE, Defendant.

Third Department, November 14, 1933.

*Shearman & Sterling* [*Carl A. Mead, William Harvey Reeves* and *Lester Kissel* of counsel], for the appellant.

*Schaffer & Sevits* [*George B. Smith* of counsel], for the respondent.

BLISS, J. These are two appeals by the defendant City Bank Farmers Trust Company. The first is from an order granting summary judgment in favor of the plaintiff against said defendant and the judgment entered thereon. The second is from an order denying the said defendant's motion for a resettlement of the order granting summary judgment and an amendment of the judgment. In view of the disposition made by the court of the first appeal, it will be unnecessary to pass upon the questions involved in the second appeal other than to grant a *pro forma* dismissal of such appeal.

The plaintiff and the defendant Howard C. Lake on December 27, 1928, opened a bank account with the Bank of America National Association, a predecessor of the defendant City Bank Farmers Trust Company, under the name of Schaffer & Lake, subject to check by Schaffer only. On February 8, 1929, the plaintiff Harry M.

Schaffer executed a power of attorney to sign checks on this account, which reads as follows:

" *Know all men by these presents,*

" That I, Harry M. Schaffer of Schenectady, County of Schenectady and State of New York have made, constituted and appointed, and by these presents do make, constitute and appoint Pauline M. Schaffer and/or Walter D. Yankauer of New York City, my true and lawful attorneys for me, and in my name, place and stead, from time to time

" To indorse and deliver for collection by, and for deposit of the proceeds thereof to my credit with, The Bank of America National Association of the City of New York, any and all checks, drafts, promissory notes, certificates of deposit, or other instruments for the payment of money, in the Schaffer & Lake account.

" To sign and deliver checks, drafts or other orders for the payment of money upon the said The Bank of America National Association, including checks, drafts, or orders drawn to, or for the account of, my said attorneys personally, and to draw money thereon; to settle and adjust my accounts with the said The Bank of America National Association, in the Schaffer & Lake account.

" There is given to my said attorneys hereunder full power and authority to do and to perform every act whatsoever requisite and convenient to be done in the premises as fully as I might do if personally present, will full power of substitution and revocation, hereby ratifying all that my said attorneys or their substitutes shall do or cause to be done by virtue hereof."

This power of attorney was delivered to the Bank of America and pursuant to such power of attorney Pauline M. Schaffer named therein drew checks on this account aggregating about $15,879.14, which were duly paid by the Bank of America. The plaintiff has had judgment against the defendant for this sum, with interest.

Aside from a few small checks which plaintiff claims were drawn by Pauline M. Schaffer on this account after the plaintiff had notified the bank of his revocation of the power of attorney, the determination of this appeal rests entirely upon the construction to be placed upon the power of attorney. The plaintiff contended below and contends here that this power of attorney did not authorize Pauline M. Schaffer to act alone thereunder. The appellant argues that this was an authorization of Pauline M. Schaffer and Walter D. Yankauer jointly and severally, to draw checks on this account.

The power of attorney is on a printed blank of the Bank of America but the words " Pauline M. Schaffer and/or Walter D.

Yankauer " are inserted in typewriting. The expression " and/or " is one that has enjoyed increased usage during the past few years. It has been accepted to the extent that it now appears not only in written contracts but also in statutes. The interpretation to be afforded it must depend in each instance upon the circumstances under which it is used and it must be so construed as to express the true intention of the parties to the transaction. It is apparent here that the plaintiff intended to authorize Pauline M. Schaffer and Walter D. Yankauer and each of them to draw checks on the account. Their appointment was joint and several. Any other construction is strained and should not be indulged in. Both the conjunctive " and " and the disjunctive " or " are used and effect should be given to each of them. A similar construction of this expression was given to an insurance policy in *Bobrow* v. *United States Casualty Co.* by the Appellate Division, First Department (231 App. Div. 91, 94).

The order granting summary judgment and the judgment entered thereon should be reversed, with costs, and the motion denied, with ten dollars costs. A decision on the appeal from the order denying resettlement is unnecessary.

HILL, P. J., RHODES, MCNAMEE and CRAPSER, JJ., concur.

Order granting summary judgment and the judgment entered thereon reversed on the law and facts, with costs, and the motion denied, with ten dollars costs.

A decision of the appeal from the order denying resettlement is unnecessary.