In the Matter of the Estate of WILLIAM A. AINSWORTH, Deceased.

Surrogate's Court, Oneida County, October 22, 1936.

*Ferris, Burgess, Hughes & Dorrance* [*Chase Young* of counsel], for the executor.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for Mrs. **J. Anna Ainsworth.**

EVANS, S. This is a proceeding ·brought by the executor to construe certain portions of the last will and testament of the above-named testator, and also to determine the right of election of his widow to take against the provisions of the will.

The testator died on June 29, 1935, and his will was admitted to probate by this court on the 3d day of September, 1935. He evidently drafted the instrument himself, and in consequence some of its provisions are vague and confusing. J. Anna Ainsworth, the wife of the decedent, survived him and claims the right of election to take against the provisions in the will for her benefit. This right of election in this case carries with it the right to the intestate share of one-half of the estate of the said decedent.

The will is dated the 11th day of May, 1932. On June 6, 1930, J. Anna Ainsworth brought an action in Supreme Court against her husband, now deceased, for a separation. After the execution and service of pleadings in that action, it appears that the parties with their respective attorneys appeared in Supreme Court and upon a stipulation dated December 29, 1930, submitted their respective rights for decision by the court. Without attempting to enumerate the various stages of advance and retreat in this action, it is sufficient for our purpose to state that the court, after deciding what was considered a proper adjustment of property rights between the husband and wife, made an order with reference to certain payments by the husband and for certain releases to be executed by the wife.

Certain real property was owned by the plaintiff and defendant as tenants by the entirety in which the wife executed and delivered to her husband a quitclaim deed. There is evidence of the payment by the husband to her of a substantial amount involving several thousand dollars. The order of the court was to the effect that Mrs. Ainsworth should execute the deed and releases mentioned and also a release on her part of any interest that she might have in the estate of her husband. The order provided, among other things, that the husband should pay for the support of his wife a monthly amount of $500. In the event of failure to execute the deed and releases and other documents, necessary to carry out the order of the court, it was decreed that the sheriff of the county should do so. These documents were executed and filed

in the proper offices in Oneida county. The consideration to be paid to Mrs. Ainsworth at that time was received by her. The monthly payments of $500 for a time were paid by the husband and later a motion was made to reduce the amount. That question was referred to a referee who took evidence and reported that the amount should be reduced from $500 monthly to $325. This report was confirmed by the court and an appeal was taken to the Appellate Division, Fourth Department, of the Supreme Court. As a consequence the appellate court reversed the lower court and dismissed the action in its entirety. (*Ainsworth* v. *Ainsworth,* 239 App. Div. 258.)

It was held in substance that the court did not acquire juris- diction on account of failure to take testimony and that the stipulation of the parties could not cure that defect. There is some evidence that the husband did not make his payments promptly and at times was in default. Whatever there may be about that fact, it is uncontradicted that immediately following the decision of the appellate court no further payments were made by Mr. Ainsworth for the support of his wife for a period of about two years until his death.

It is argued in this court as a ground for disregarding the release on file in the surrogate's office by the now widow that this instrument was signed by her under duress as set forth in the order of the Supreme Court; that on account of this situation she cannot now be denied her full rights as a widow in this estate. Whatever force there may be to this contention regarding duress, I prefer to decide this aspect of the matter on the ground that the decision of the Appellate Division rendered the action of separation between the parties null and void and also the papers and instruments executed by the parties in the action. (See unreported decision of MILLER, J., dated November 21, 1934.)

The suggestion is made that Mrs. Ainsworth should have returned or offered to return to her husband the consideration that she received for her deeds to the real property. By the same token there is no evidence before this court that Mr. Ainsworth ever deeded back or offered to deed back the property that he received from his wife. That situation now, I think, is not important. The provision in the will as affecting the widow is the fifth paragraph, reading as follows:

" *Fifth.* The income from any securities I may have at my decease, and from the business and royalties and all my other property, including the life insurance is to constitute a trust fund and out of the income from same, the sum set up by the Court for my wife, Anna, is to be paid in equal monthly installments

commencing with the date of my decease and continuing during her lifetime; the balance of income to accumulate in the trust fund until my wife's death."

It was the primary purpose of the Commission to Investigate Defects in the Laws of Estates to so amend the Decedent Estate Law so as to provide for a widow in a more equitable distribution of the estate of her husband. While the amendments provide with equal force to the husband, and give to him and the wife, as the case may be, designated in the law as the surviving spouse, equally, yet the moving cause for the change was on account of the widow. The right of election to take against the provisions of a will apparently was to prevent the purpose of the law being defeated through the acts of a careless or disgruntled husband by providing unfair and inequitable provisions in his will so far as his wife was concerned.

The fifth paragraph of the decedent's will does not in my opinion provide adequately for the widow and is contrary to the intent of the Legislature. There is no trust provided for her from the rents and profits of the corpus of the estate, after deducting debts and other expenses. On the other hand, the corpus of the trust is derived from income only coupled with the further modification that her interest in the same shall be declared by a court. What the intent of the testator, under the circumstances, was it is difficult to say, but I hold and decide that this attempted trust does not prevent the widow from taking outright one-half of the estate described in the statute as the "intestate share." (*Matter of Curley*, 151 Misc. 664; modfd., 245 App. Div. 255; affd., 269 N. Y. 548; Dec. Est. Law, § 18.)

Construction is asked concerning the disposition of certain personal property bequeathed under the will. One legacy is to William Foley, Utica, N. Y., "My Aggasiz Watch and Wrist Bracelet, also my Marquis Diamond Pin." Mr. Foley predeceased the testator and this legacy lapses.

The will also bequeathed to Harvey Kirtland "All other pocket and wrist watches not otherwise bequeathed." The watch covered by the lapsed legacy to Mr. Foley, I think, passes to the residuary estate. This watch was bequeathed, but owing to the death of the legatee, Mr. Foley, it became a part of the residuary estate as it was not in the contemplation of the testator among those referred to as bequeathed to Mr. Kirtland.

There is a bequest to the Cedar Lake Club of *camp buildings* and *furnishings*. There was a radio at this camp at the time of the death of testator. The legacy to Mr. Harvey Kirtland gives to him "All radios left at the time of my decease." The question

is raised as to whether or not the radio passes as part of the furnishings to the Cedar Lake Club or to Mr. Kirtland. In view of the fact that specific mention is made of " all radios at the time of my decease," I am of the opinion that the radio in question passed to Mr. Kirtland.

The testator owned at the time of his death a combination cigarette lighter and watch. The question is raised as to whether or not this article passed to Mr. Kirtland under his bequest of " All other pocket and wrist watches." I am of the opinion that this article should be deemed to be a watch and, therefore, should pass to Mr. Kirtland.

Other questions are raised with reference to the retention by the executor of securities not legal for trust funds. The administration of the estate will doubtless be affected by the construction concerning the rights of the widow, and a construction at this time concerning authority to hold non-legal securities would be premature. It is a well-settled rule in the construction of wills that a court should not speculate or pass upon a situation until the necessity appears. (*Matter of Spingarn*, 96 Misc. 141.)

In *Matter of Smith* (96 Misc. 414, 417) the court held that it is necessary to have some real contention in court that makes construction necessary and not a matter of convenience.

The rule was also announced in the case of *Horton* v. *Cantwell* (108 N. Y. 255, 269) in these words: " Upon the whole case we think there is no practical or present controversy to be determined, and the contingency may never arise in which the question can become a practical one * * * if it do hereafter arise, there is no certainty there will be any contest whatever in regard to it."

In the case at bar, if it appears that there is further need for construction, this opinion is made without prejudice to the executor to make application to this court for that purpose.

Decreed accordingly.