In the Matter of the Accounting of CHEMICAL BANK & TRUST COM-
PANY et al., as Trustees under the Will of ISAACETTA R. MILLS,
Deceased.

Surrogate's Court, New York County, April 21, 1949.

*Black, Varian & Simon* for trustees, petitioners.

*Jeremiah P. Lyons,* special guardian for Stephan T. Rawolle
and another, infants, respondents.

COLLINS, S. In this accounting proceeding a question of con-
struction arises from the inaccurate use of the connective
" and/or " in the seventeenth article of decedent's will. The
quoted neologism has been the subject of litigation for decades
(cf. *Cuthbert* v. *Cumming,* 10 Exch. 809, 156 Eng. Rep. 668). On
the one hand the fractional expression has been characterized as
a " device for the encouragement of mental laziness " (18 Amer.
Bar Assn. Journal 456) and condemned as a " linguistic abomi-
nation " (*Commercial Standard Ins. Co.* v. *Davis,* 68 F. 2d, 108,
109), while on the other hand the locution has been commended
as " a perfectly legitimate offspring of the necessity for brief
and precise expression " (45 Yale L. J., 918, 919) and lauded as

a " useful abbreviation " to avoid " clumsy circumlocution " (20 Marq. L. Rev. 101). Judicial epithets (of which only the mildest have been here quoted) have served only to nourish this hybrid conjunction and over the years the intentional equivocation has reappeared not only in contracts (*Bobrow* v. *United States Cas. Co.*, 231 App. Div. 91; *Hicks* v. *Haight*, 171 Misc. 151), but also in statutes (*Schaffer* v. *City Bank Farmers Trust Co.*, 239 App. Div. 531; *Matter of Nat. Cash Register Co.*, v. *Taylor*, 252 App. Div. 90, affd. 276 N. Y. 208). Whatever justification exists for inclusion of the phrase in the esoteric idiom of legal instruments, the fact remains that the indiscriminate employment of the ligature should be discouraged.

In decedent's will effect cannot be given to the phrase in both a conjunctive and disjunctive sense, inasmuch as the alternatives are mutually exclusive. The ambiguity can be resolved however by the apparent intention of the testator, as evidenced in the will, to remove some of the statutory restriction upon the investment powers of the trustees. The court interprets the language as indicative of an intention that the expression " and/or " was used in a disjunctive sense only. Were a conjunctive construction to be adopted the will would impose upon the trustees a limitation far more rigid than that fixed by the Legislature, without conferring any obvious advantage upon the estate.

Under the explicit language of the will, the trustees are authorized to make investments which are within the terms of the will at the time the particular investments are made (cf. Decedent Estate Law, § 111, subd. 6).

Submit decree on notice construing the will and settling the account.