In the Matter of the Estate of IRA N. AARONSON, Deceased. JORDAN AARONSON, as Executor, et al., Appellants; ROBERT J. PAPE, as Special Guardian, Respondent.

Second Department, December 23, 1963.

*Norman Burger* (*David Harrison Storper* of counsel), for Jordan Aaronson, appellant.

*Ebenfeld & Leeds* (*David Harrison Storper* of counsel), for Evelyn C. Aaronson, appellant.

*Robert J. Pape,* special guardian for infant contingent remaindermen, respondent in person.

HOPKINS, J. The testator, Ira N. Aaronson, died on September 24, 1962. He was survived by his widow and by his son, the son being the executor under the will. The widow, pursuant to statute (Decedent Estate Law, § 18), filed a notice of election to take her intestate share of the estate against the will; and the son, as such executor, has instituted this proceeding under section 145-a of the Surrogate's Court Act to determine the validity and effect of the widow's election.

The widow and the executor are united in their contention that by her election she is entitled to her intestate share, notwithstanding the testamentary trust provisions for her benefit. The special guardian, on behalf of the executor's three infant

children who are contingent remaindermen under the testamentary trust, takes a contrary position. He asserts that the widow's right of election, if any, is at most a limited one and that the determination of such limited right must await the outcome of the executor's final accounting. The Surrogate so held; and the executor and the widow have appealed to this court from so much of the decree as adjudged that the widow does not have a general right of election.

The widow is entitled to elect to take her intestate share of one third (Decedent Estate Law, § 83, subd. 1) if the testamentary provisions fail to afford her the benefits prescribed by section 18 of the Decedent Estate Law. Accordingly, we turn to the provisions of the will.

After disposing of personal effects to the son and to the testator's brother Harry, the will devises a limited life use of the testator's home to the widow — an ineffective gift, since prior to his death the decedent had contracted to sell his home, and the title was conveyed subsequent to his death. The will (par. " Fifth ") then directs that the residue of the estate be given in trust [1] " to invest the same and keep the same invested, and to receive the rents, issues, income and profits therefrom and after paying thereout all lawful expenses and charges, to apply and pay out the net income realized from said trust estate in the following manner: (a) The entire net income from said trust estate shall be paid over to my wife, EVELYN, until she remarries or until my son, Jordan, shall become 21 years of age, whichever event may first occur. Upon my said son, Jordan, reaching 21 years of age, one-half ($\frac{1}{2}$) of the net income shall be paid to my wife until my son Jordan shall become 30 years of age, or until my. wife remarries, whichever event may first occur. The other one-half ($\frac{1}{2}$) of the net income shall be paid to my son, Jordan."

Other subdivisions of paragraph " Fifth " of the will provide that one half of the principal of the trust estate, " together with any undistributed income," shall be paid over to the son when he attains the age of 23 years; that one third of the remaining balance of the trust estate shall be paid over to the son when he attains the age of 30 years; that if at the time of testator's death the son had reached either of the ages described, that part of the trust estate so designated was to be paid over to him

1. The will names decedent's brothers August and Harry as executors and trustees, unless the son shall have attained 30 years of age, in which event the son is designated as sole executor and trustee. We are told that the son is presently over the age of 30.

at once;[2] that in the event the son predeceases the widow, then upon her death the net income from the trust estate shall be payable to his issue in equal shares, until each attained the age of 21, at which time an equal share of the principal was to be paid to such issue; and that in default of issue of the son, the principal shall be paid to the testator's brothers and sisters or to their issue.

In paragraph " Sixth " of his will the testator further authorized his trustee or trustees to exercise a power of invasion in the following terms: " Anything herein contained to the contrary notwithstanding, my trustee or trustees may at any time, or from time to time, if in his, or in their judgment, accident, sickness or other emergency or circumstances, or in the event that monetary inflation shall cause a substantial decrease in the purchasing power of money, in his, or their absolute discretion transfer, deliver, assign and pay over to my wife and/or my son, so much of the principal of such share of my residuary estate so held in trust for my wife and for my son, as my trustee or trustees shall deem necessary and proper. [sic] The judgment of my trustee or trustees shall be final and conclusive and my trustee or trustees shall not be liable or responsible to any person who may be, or who may become interested in my residuary estate for any payment which my said trustee or trustees may make pursuant to the terms hereof."

Viewed in its totality, the will bestows upon the widow a minimum benefit of a life interest in the income from one third of the residuary estate held in trust. The statute (Decedent Estate Law, § 18) provides that where the testator bequeaths in trust an amount equal to or greater than the intestate share of the surviving spouse, the latter shall have a limited right to elect to take the sum of $2,500 absolutely, deductible from the principal of the trust, and the will shall remain otherwise in force; a limited right of election is also conferred on the surviving spouse to take the difference between the benefits provided by the will and the intestate share of the spouse, when the benefits include a trust or a gift, or both (§ 18, subd. 1, par. [f]).

The will under consideration makes no provision for payment of $2,500 absolutely to the widow; hence, without more, the widow is entitled to a limited right of election (Decedent Estate Law, § 18, subd. 1, par. [f]), depending on the outcome of the

2. Jordan had apparently reached the age of 30 at the time of decedent's death; his age is not disclosed in the record.

final accounting.[3] The appellants claim that in two respects the will reduces the benefits granted to the widow below the minimum participation which the law directs: (1) the trust, of which she is a beneficiary, is subject to invasion on behalf of the son; and (2) the trust income payable to the widow may be diminished by the testamentary provisions which direct that upon her death the balance of the principal, together with any undistributed income, shall be paid to the son, if he be then living, and if neither he nor his issue be then living, then it shall be paid to the testator's brothers and sisters, or to their then surviving issue.

The statutory policy underlying the right of election was: (1) to provide a substitute for the traditional rights of dower and curtesy, and (2) to assure to the surviving spouse a minimum share of the estate, not to be defeated by any act or omission of the testator (*Newman* v. *Dore*, 275 N. Y. 371; *Matter of Peters*, 204 Misc. 333, affd. 275 App. Div. 950; *Matter of Eddy*, 173 Misc. 723, affd. 258 App. Div. 860, affd. 283 N. Y. 556). To this end, the statute is construed broadly to protect the surviving spouse and to safeguard her or his prescribed intestate share, unless the will provides a substantial equivalent (*Matter of Byrnes*, 260 N. Y. 465, 470, 474).

A power of invasion vested in a trustee of a residuary trust qualifying as a sufficient benefit under the statute on behalf of a person other than the surviving spouse may have the effect of so diluting the trust as to give rise to a general right of election (*Matter of Matthews*, 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Wittner*, 301 N. Y. 461).

Literally read, the provisions of the invasion clause in the will under scrutiny, which authorize the trustee or trustees "in his, or their absolute discretion [to] transfer, deliver, assign and pay over to my wife and/or my son, so much of the principal of such share of my residuary estate so held in trust for my wife and for my son, as my trustee or trustees shall deem necessary and proper," permit the payment of part, or all, of the principal of the trust to the testator's son.

The special guardian argues, however, that the will creates separate trusts for the widow and for the son, and that only the trust created for the benefit of the son could be invaded on his behalf. He contends that (1) the trust for the son terminates in whole, or in part, as the son attains stated ages; (2) the will

---

3. In addition to the legacies to the testator's son and brother, noted above, the testator bequeathed the contents of his home to his widow; the value of these legacies must necessarily be determined on the accounting.

provides that: " During the period of the trusts hereby created, [the] trustee may hold [the] estate as an undivided whole, without separation into the separate trusts hereby created "; and (3) the phrase " such share " (contained in the invasion clause) modifies the phrases " for my wife " and " for my son."

This contention does not meet the effect of the testator's choice of language. Even if we posit the testator's intent as the establishment of separate trusts, the assumption does not overcome the use of the combined conjunctive and disjunctive phrase " my wife and/or my son " as the potential beneficiaries of an invasion of either trust. So, in *Matter of Matthews* (255 App. Div. 80, 83, affd. 279 N. Y. 732, *supra*), the testator created a trust of his residuary estate, giving his widow and mother each one half of the net income thereof. In addition, he provided for power of invasion " to pay part of the principal, in an emergency, to my wife and/or mother ". It was held that the power to invade the principal for the benefit of " my wife and/or mother " was " potentially destructive, wholly or in part, of that trust *corpus* which the statute  *  *  *  clearly contemplates shall be the basis of the widow's income during her life " (*Matter of Matthews*, 255 App. Div. 80, 84, *supra*).[4]

Nor is it decisive that the son, as a potential beneficiary of the power of invasion, is no longer a beneficiary of the trust. In *Matter of Wittner* (301 N. Y. 461, 463–464, *supra*), the testatrix divided the residue into three equal parts. The first part she gave absolutely to her son; the second and third parts she bequeathed as separate trusts for her daughter and son respectively. She provided that the trustees were authorized in case of " *any* need on the part of *any of my children*, or of my husband  *  *  *  to pay to or use, apply or expend for the use and benefit of *any of my said children* or of my husband *the corpus of any trust fund* held for the benefit of *said child or of my husband* to such extent and as often as said Trustees  *  *  *  may determine to be adequate to provide for the reasonable needs and comforts of *any of my said children* or of my husband " (emphasis added). It was held that the language of the invasion clause permitted payment of the principal of any trust fund to the son, though he was not a trust beneficiary.

---

4. The use of the ubiquitous grammatical device of "and/or" has had a mixed reception, sometimes favorable, sometimes disapproving (cf. *Matter of Mills*, 195 Misc. 104, 105). Its apparent ambiguity may be resolved only by a further investigation into the surrounding circumstances and intent of the author (*Schaffer* v. *City Bank Farmers Trust Co.*, 239 App. Div. 531, 533; *Bobrow* v. *United States Cas. Co.*, 231 App. Div. 91, 94).

*Matter of Liberman* (4 A D 2d 512, affd. 5 N Y 2d 719) cited by the special guardian in support of his position, does not reach this case. There the court found the invasion clause to be ambiguous, and upon interpretation of other provisions of the will, determined that the power of invasion was limited to the beneficiary of each trust. No question of the use of the phrase " and/or " was involved. Moreover, the will in that case declared that the benefits for the widow were intended to be given in lieu of her statutory rights; here, no such declaration appears in the will.

We think, too, that the will, in its treatment of undistributed income, fails to satisfy the statutory minimum. It provides that on the death of the widow, if the son be not then 30 years old, the income shall be payable to him until he attains such age, at which time the principal and any undistributed income shall be paid to him. If either he or his issue do not survive the widow, the will provides that the principal and any undistributed income shall be payable to the testator's brothers and sisters, or to their issue. Section 204 of the Surrogate's Court Act, applicable to trusts, makes clear that income is apportioned even after the death of a life beneficiary and is paid to the estate of the life beneficiary; however, a will may stipulate against such apportionment.

We think that the provisions of the present will stipulate against apportionment and thus diminish the statutory rights of the widow (*Matter of Sernau,* 36 Misc 2d 348; cf. *Matter of Walbridge,* 192 Misc. 746; *Matter of Haubenstock,* 28 Misc 2d 714). Under the statute (Decedent Estate Law, § 18) the widow is entitled to all the income from the trust for her benefit; and where the will on its face gives her less she may exercise her right of election (cf. *Matter of Schmidt,* 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; *Matter of Withall,* 274 App. Div. 846; *Matter of Schwartzkopf,* 205 Misc. 985; *Matter of Sheppard,* 189 Misc. 367; *Matter of Ainsworth,* 160 Misc. 789).

We conclude, therefore, that the widow has a valid general right of election and that she was entitled to exercise such right.

Accordingly, the decree, insofar as appealed from, should be reversed on the law, with costs to all parties filing briefs, payable out of the estate; a decree should be made declaring valid the surviving spouse's general right of election under the statute (Decedent Estate Law, § 18) to take her intestate share of the estate against the will, and sustaining her exercise of such right; and the proceeding should be remitted to the Surrogate's Court for the entry of an appropriate decree and for further proceed-

ings not inconsistent herewith. No questions of fact have been considered.

UGHETTA, Acting P. J., KLEINFELD, CHRIST and BRENNAN, JJ., concur.

Decree, insofar as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the estate; and a decree directed to be made declaring valid the surviving spouse's general right of election under the statute (Decedent Estate Law, § 18) to take her intestate share of the estate against the will, and sustaining her exercise of such right; and proceeding remitted to the Surrogate's Court for the entry of an appropriate decree and for further proceedings not inconsistent herewith. No questions of fact have been considered.