Quinn, J.
(concurring). Defendant insurer issued its all-risk, marine insurance policy to plaintiff whereby in its basic, underlying obligation it purported to secure plaintiff, within specified monetary limits, from all loss or damage to his boat from any and every cause while ashore or afloat in the waters of the eastern seaboard from Maine to Florida between May 15 and December 15. It is undisputed that damage, compen *496 sable in a sum within the policy’s monetary limits, occurred on December 7 when plaintiff’s boat while under way in the tidewaters of the Shrewsbury Eiver in New Jersey was in collision with a floating object conceded to have been ice. Defendant successfully resisted plaintiff’s demand for payment under the policy, at Special Term of the Civil Court, by relying solely on language in the policy as follows: “4. Exclusions. This policy does not insure against: * * * (c) Loss, damage or expense caused by or in consequence of ice and/or freezing while afloat.” t
The exclusionary clause is to be construed as excluding from coverage the risk of collision with floating ice, only if it would be unreasonable for the average man reading the policy to conclude that his boat'was insured against the risk of collision with any and all floating objects, including ice; regardless of whether the collision was with a cake of ice thrown overboard from the surplus stores of another vessel in the middle of July; or an errant segment of ice detached from a remote floe and cast by unusual currents into his course in the latter half of May; or a chunk of ice unseasonably formed as a floating peril to navigation in eastern seaboard waters in the early half of December (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386).
The use of the confusing, linguistic abomination “ and/or” not only offends against the requirement that insurance policies clearly and simply specify in plain, unequivocal words of unmistakable meaning the exact risks excluded from the general coverage of the policy; it leaves room for free choice of interpretation in inferring that the risk excluded is (1) damage from either ice or freezing, as distinct, disparate causes, but also, alternatively, (2) only damage from the concurrence of ice and freezing as a single, direct cause. (Bobrow v. United States Cas. Co., 231 App. Div. 91, 94.) The latter construction reasonably imports that the risk excluded is damage resulting from the well-known property of water (principally) by which, in the process of solidifying, i.e., forming into ice by freezing at 32 degrees Fahrenheit, it preliminarily expands to about 1/11 of its volume. (See,, e.g.,, “ ice ” in Webster’s New Int. Dictionary [2d ed.].) It is this property peculiar to the change from the liquid to the solid state, when water forms- ice and freezes, which exerts intense, destructive, crushing pressures on bodies immersed in it, such as the hulls of boats, ice-locked in freezing waters, or bursting pressures on containers confining it .such as marine pipes, tanks, pumps, cylinders, etc.; or scarifying and bnckling action on *497 painted, polished or specially treated surfaces and machinery exposed to it, .such as sides, decks and rails, rigging and other marine gear, as when steady precipitation or shipped seas in deep freezing weather heavily lade a boat with thick encrustations of ice. Clearly, collision with floating ice, while under way, is not unequivocally the only precise risk reasonably to be inferred as excluded from coverage by the words used in the quoted section of the exclusionary clause.
The burden was on defendant in this case to establish that the term “ damage ” from “ ice and/or freezing ” not only was susceptible of being defined by the average man so as to include damage from collision with floating ice, but that such a definition was the only one that could fairly be placed thereon (Sincoff v. Liberty Mut. Fire. Ins. Co., 11 N Y 2d 386, 390, supra).
Here the defendant used ambiguous terms. In generally excluding from coverage 1‘ damage ’ ’ from ‘ ‘ ice and/or freezing” it used wording which is susceptible to different meanings. The uncertainty in the language used is chargeable to the defendant, and any doubt in the construction to be adopted must be ¡resolved against it. Thus, reasonably, the exclusory clause should be limited in its application to damage occurring from ■that change of state in nature by which ice and freezing, as interacting concomitants of the one physical process, constitute a single, destructive phenomenon. Here the direct, competent producing cause of damage was not ice qua ice and the destructive potential peculiar to its formation, nor the process of freezing, nor the concurring internal dynamics of ice and freezing as a unified peril, but collision with a floating, solid object. The fact that the solid object happened to be ice is wholly adventitious to the fully covered, contemplated risk of collision. (See Schneiderman v. Metropolitan Cas. Co. of N. Y., 14 A D 2d 284.)
Gold, J. P., and Lupiano, J., concur in Per Curiam"opinion; Quinn, J., concurs in memorandum.
Order reversed, etc.