Guy Gilbert Rebatido, J.
This action was submitted to the court on an agreed statement of facts. The defendant insurance company contends that the “ Torahs ” the subject of this suit are excluded by the terms of its policy “ personal effects ” which are items “owned by and for the personal use adornment or amusement of the insured”. The evidence discloses that in 1970 the plaintiff Tuvia ¡3. Mechaber visited with his brother Rabbi Goel Mechaber in Jerusalem, Israel, and while there the rabbi entrusted to the plaintiff the two Torah scrolls with the understanding that the plaintiff would attempt to sell them in the United States. One of the defenses is that the plaintiff did not have an insurable interest in the lost property. As shown in Exhibit A and Exhibits B and C of the stipulation of facts on November 4, 1970 the plaintiff went to Omaha Indemnity Company airport counter at the St. Louis Airport and purchased two policies of insurance for his baggage in the amount of $3,000 each and paid a premium of $4.35 on each policy. From the agreed facts the court can glean that the plaintiff applied for and received the policies upon filling out the applications and paying the premiums. No questions were asked of the plaintiff as to the contents of his baggage and apparently he did not volunteer that he checked two Torah scrolls which are laboriously handwritten precious manuscripts of religion, artistically produced. The scrolls were lost in transit and plaintiff filed his proof of loss (Exhibits D and E) and in addition at the request of defendant submitted a handwritten statement wherein he set forth the manner in which he obtained possession of the Torahs and the circumstances surrounding the loss. Considering all the afore-mentioned facts and considering Exhibit G, *206 the court has no doubt but that the plaintiff had an insurable interest in the scrolls entrusted to him by Rabbi Mechaber.
A reading of the policy Part III reveals under ‘ ‘ Personal Effects ” certain exclusions, commencing with “ Animals ” and ending with “ documents ” which denotes how disassociated the exclusions are. Defendant, Omaha, attempts to exclude the Torah scrolls under the final category. Black’s Law Dictionary quoted by defendant defines document as “an instrument on which is recorded * * * matter which may be evidentially used. ’ ’ What is intended here by the word document are papers, for example, wills, deeds, trusts, which have a value other than their instrinsic property value. Were we to include Torah scrolls under this category any book would then become a document in its primary sense, rather than as here, a religious work, or a literary or artistic work. It is to be noted, that the category of books was not excluded. Here, the claim is for the intrinsic property value of the item lost, i.e. its cost of production value.
Assuming, however, Part III of the contract does not cover the category under which these Torahs Would be insured, we can look elsewhere for coverage. Where there are ambiguities in the policy these must be resolved in favor of the insured. (B. & H. Mgt. Corp. v. Hardware Mut. Cas. Co., 9 A.D 2d 533.) The present policy is entitled '“ Baggage and Personal Effects ”. Part III of the policy in any case is limited to coverage of “Personal Effects.” Part V subdivision (6) however, relates to the category under which this “ Torah ” could be included.
Part V, subdivision (6) does not insure asrainst damage to objects of art or antiques, but the word “ loss ” which is present in the preceding subdivision of this section is omitted here, and the loss of such items is in fact covered. The policy excluded damage by ordinary handling or transportation to the delicate items included in this section, but covered their loss.
The items listed here, statuary, paintings, china, etc. can in no wise be considered personal effects. They are personal property and would ordinarily fall under the term baggage. Part VI, subdivision C actually uses the term “ personal property ” which includes within its extension “ baggage ” as mentioned in the title of the policy.
In summary, the court considers these items significant. The title and contract of the policy with its reference to both personal effects and baggage. The commonly accepted definition of baggage as something which can be checked in by the traveler and left with the custody of the carrier, as was here the ease. The substantial amount of the policy, the fact that the verbiage of the *207 policy if not actually misleading is inconsistent, and that Part III utilizes what might be called grab bag exclusions. The fact that the Torahs would not be in the. category of personal effects but rather in that of baggage; that they would not be considered documents in any case, in the primary sense of documents, but rather antique works of art and religion and rare books as explained heretofore. Moreover, in considering baggage, the policy covers for loss to such items as baggage as distinguished from damage to same. Part V the introduction of the term personal property connotes coverage of the Torahs as personal property. Personal property is generic and contains the concept of baggage within it under which these items would fall.
The policy is one of adhesion. (See Star Credit Corp. v. Molina, 59 Misc 2d 290, Judge Younger ; Uniform Commercial Code, § 2-302 regarding unconscionability.) Ambiguities should be resolved in favor of the insured as he is not in a position to bargain as to terms and must for his reasonable protection take the policy “ as is ” with its apparent coverage of the items of baggage. (See Bobrow v. United States Cas. Co., 231 App. Div. 91; Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574.) The insurer here had an insurable interest. (Friscia v. Safeguard Ins. Co., 57 Misc 2d 759.)
The plaintiff is entitled to recover the amount of the insured value $3,000 for each of the Torahs together with costs and interest from November 4, 1970.
Accordingly, the Clerk is directed to enter judgment for $6,000, together with costs and interest.