Memorandum. The order of the Appellate Term should be affirmed.
Subdivision 1 of section 52 of the Workmen’s Compensation Law provides: "Failure to secure the payment of compensation shall constitute a misdemeanor, punishable by a fine of not more than five hundred dollars or imprisonment for not more than one year, or both. Where the employer is a corporation, the president, secretary and treasurer thereof shall be liable for failure to secure the payment of compensation under this section.” This statute penalizes for "failure to secure the payment of compensation” and a clear legislative intent to *957 impose strict liability is indicated (see Penal Law, § 15.15, subd 2; People v Ball, NYLJ, Jan. 26, 1973, p 2, col 4). This indication is buttressed by one of the purposes of the law, to assist in assuring payment of any and every award to an injured employee (cf. Matter of Aioss v Sardo, 223 App Div 201, 203, affd 249 NY 270), as well as by the legislative history of the 1926 amendment to section 52 of the Workmen’s Compensation Law, which added the second sentence of subdivision 1 imposing liability upon the president, secretary and treasurer of an employer corporation for failure to secure payment of compensation under the section. An original draft proposed liability upon the "executive officers and directors” of a corporation but a memorandum of the Commmittee on Criminal Courts Law and Procedure of the Association of the Bar of the City of New York entered this objection:
"The specific criminal act with which we are now concerned is failure to secure compensation. These bills would make people criminally liable for that act whether they had participated in it or not, and even though they knew nothing about
* * *
"Take, for instance, the directors of corporations whom these bills seek to make criminally liable. Many of them have nothing to do with the conduct of the corporation’s business, and know nothing about it. Many directors act as such merely because of their financial interest in the corporation. Directors are often chosen because of their influence and the value of their names. In England it is quite the fashion to select well-known members of the peerage.”
The Legislature apparently heeded these objections since corporate directors were not included in the final draft as enacted (L 1926, ch 532). It is reasonable to deduce a legislative intent not to apply strict liability to directors, who may "have nothing to do with the conduct of the corporation’s business”, but to apply it to the named corporate officers who are likely to have responsibility for the day-to-day operation and management of the corporate enterprise.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.