Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 22, 2013, which ruled that the employer’s workers’ compensation carrier would remain liable for claimant’s claim.
Claimant was injured while employed by Bletsas Plumbing & Heating Corporation and sought workers’ compensation benefits pursuant to a policy that had been issued to Bletsas by Oak River Insurance Company (hereinafter the carrier). After learning that Bletsas had been paying claimant “off the books” and had underreported the number of its employees in its application for coverage, the carrier controverted the claim on the ground that Workers’ Compensation Law § 52 (1) (d) relieved it of its obligation to pay benefits to claimant under the policy issued to Bletsas. A Workers’ Compensation Law Judge denied the carrier’s objection, the Workers’ Compensation Board affirmed that decision and the carrier now appeals.
As relevant here, Workers’ Compensation Law § 52 (1) (d), enacted in 2007, provides that “[i]f at any time an employer intentionally and materially understates or conceals payroll. . . so as to avoid proper classification for calculation of premium paid to secure compensation, . . . such employer shall be deemed to have failed to secure compensation and shall be subject to the sanctions applicable to this section.” Pursuant to Workers’ Compensation Law § 52 (1) (a), failure to secure compensation for five or fewer employees constitutes a misdemeanor, while failure to secure compensation for more than five employees is a class E felony, and fines and civil penalties may be imposed.
The carrier argues that, based on Bletsas’ apparent fraud in its application for coverage, Bletsas should be “deemed to have failed to secure compensation” and, in the absence of coverage, the carrier is relieved from paying benefits. We are not persuaded. The carrier’s interpretation of the phrase “deemed to have failed to secure compensation” requires a reading that ignores the context of the following phrase, “and shall be subject to the sanctions applicable to this section.” Workers’ Compensation Law § 52 as a whole “govern[s] fraud and failure to secure compensation, and provide [s] for criminal and civil penalties” (Governor’s Program Bill, Bill Jacket, L 2007, ch 6 at 17). We read the 2007 amendment as merely expanding the ability to hold an employer liable pursuant to that statute. The penalties for employers that fail to secure coverage were increased (see L 2007, ch 6, § 7), and subsection (d) was added to “define[ ] *1027 failure to secure compensation to include intentional misrepresentation or concealment of payroll or information relevant to premium calculation” (Governor’s Program Bill, Bill Jacket, L 2007, ch 6 at 7). Thus, the amendment was designed to punish fraud perpetrated by the employer, not to rescind coverage or release the carrier from liability to an injured employee.
Moreover, case law predating the 2007 enactment of Workers’ Compensation Law § 52 (1) (d) makes clear that an employer’s fraud in obtaining coverage does not implicate a carrier’s responsibility to pay benefits to an injured employee and that cancellation of a workers’ compensation insurance policy must conform to the requirements of Workers’ Compensation Law § 54 (5) in order to be effective (see Matter of Cruz v New Millennium Constr. & Restoration Corp., 17 AD3d 19, 22-24 [2005]; Matter of Aioss v Sardo, 223 App Div 201, 203 [1928], affd 249 NY 270 [1928]). We find nothing in the plain language of Workers’ Compensation Law § 52 (1) (d), or its legislative history, that alters that precedent.
Peters, P.J., Egan Jr. and Lynch, JJ., concur.
Ordered that the decision is affirmed, without costs.