THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. WILLIAM M. LAMM, Appellant.

Submitted January 19, 1944; decided March 10, 1944.

*Joseph F. Carlino* for appellant. I. A fatal variance exists between the indictment and the proof which was not cured by the People's motion to conform the indictment to the proof in relation to the ownership of the money alleged to have been extorted and the indictment should have been dismissed. (*Peo-*

ple v. *Kelley*, 127 Misc. 300; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Corbalis*, 178 N. Y. 516; *People* v. *Grogan*, 260 N. Y. 138; *People* v. *Bloom*, 263 App. Div. 821; *People* v. *Motello*, 157 App. Div. 510; *People* v. *Bromwich*, 200 N. Y. 385; *People* v. *Van Every*, 222 N. Y. 74; *People* v. *Miles*, 289 N. Y. 360; *People* v. *Clurman*, 290 N. Y. 242.) II. The conduct of the District Attorney in cross-examining character witnesses was highly prejudicial and improper and the defendant's motion for a new trial upon that ground should have been granted. (*People* v. *Callahan*, 151 App. Div. 666.) III. The trial court failed to comply with the provisions of section 450 of the Code of Criminal Procedure and the defendant's right to have the jury polled was impaired. IV. The defendant's guilt was not established beyond a reasonable doubt as a matter of law.

*Edward J. Neary, District Attorney* (*Philip Huntington* of counsel), for respondent. I. The evidence is sufficient to sustain the verdict, as a matter of law. II. The alleged variance between the indictment and the proof was not material and the granting of the motion to conform was not prejudicial to the defendant. (*People* v. *Geyer*, 196 N. Y. 364; *People* v. *Hagan*, 37 St. Rep. 660; *People* v. *Herman*, 45 Hun 175; *People* v. *Dunn*, 53 Hun 381; *People* v. *Johnson*, 104 N. Y. 213; *People* v. *Kellogg*, 105 App. Div. 505; *People* v. *Fleming*, 60 Hun 576; *People* v. *Barondess*, 133 N. Y. 649.) III. The cross-examination of the character witnesses was proper. (*People* v. *Laudiero*, 192 N. Y. 304; 71 A. L. R. 1504; *People* v. *Saul*, 188 App. Div. 25.) IV. No claim of error may be predicated upon the manner in which the jury was polled. (*Green* v. *Bliss*, 12 How. Pr. 428.)

THACHER, J. Defendant appeals from a judgment unanimously affirming a judgment of conviction for attempted extortion. The indictment charged the defendant with having attempted to obtain from one Joseph O'Rourke $225 with O'Rourke's consent, induced by a threat unlawfully to injure the business and property of O'Rourke.

Defendant, a special organizer of a local union of the Brotherhood of Painters, Decorators and Paperhangers of America, is alleged to have threatened to prevent O'Rourke from obtaining the services of union men needed to carry on his business. The indictment, as well as the District Attorney's opening to

the jury, refers to the business as O'Rourke's. It appeared on the trial, however, that the business in question and the money paid were owned by Joseph O'Rourke, Inc.

At the close of the People's case the District Attorney moved " to conform the indictment to the proof in so far as the ownership of the money is concerned, there being some question here as to whether the ownership was in the corporation or in the individual ". Defendant objected on the ground that in an extortion case " The money must be personal ". The court granted the motion.

The only questions of law presented for our consideration are whether the amendment of the indictment was authorized and, if it was, whether there was any evidence to support the verdict of guilt.

The crime charged is defined by section 850 of the Penal Law, which provides: " § 850. *Extortion defined.* Extortion is the obtaining of property from another, or the obtaining the property of a corporation from an officer, agent or employee thereof, with the consent, induced by a wrongful use of force or fear, or under color of official right." Section 851 of the Penal Law provides: " § 851. *What threats may constitute extortion.* Fear, such as will constitute extortion, may be induced by an oral or written threat: 1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or to any member of his family or to a corporation of which he shall be an officer, stockholder, employee or agent; * * * ".

It will be noted that obtaining money from an individual who is an officer of a corporation, with his consent induced by a wrongful use of fear, is a crime, whether the money is the property of the individual or of the corporation and whether the threat is unlawfully to injure the property of the individual or the property of the corporation of which he is an officer.

Here the threats were to injure a business carried on by O'Rourke by preventing the employment of union men whose services were necessary if the business was to be carried on, and by preventing the continuance of the business and the completion of existing contracts. The business described in the indictment as O'Rourke's was managed by him and was intimately known to the defendant, who not only represented

the union in its relation to the business, but was an intimate of O'Rourke and was active in persuading responsible concerns to do business with him. The relations of the union to this business in the supervision of which the defendant was engaged was evidenced by written agreements in the name of Joseph O'Rourke, Inc., which were executed by Joseph O'Rourke as president. The defendant procured an advertisement of the business, for which O'Rourke paid him fifty dollars. This advertisement described the business as:

" Joseph O'Rourke, Inc.

Painting & Decorating

Gasoline Service Stations

Bulk Depots.''

The motion to conform the indictment to the proof insofar as the ownership of the money was concerned was allowed by the trial court, who stated: " I shall allow the amendment. I do not think that you have been surprised by this situation at all.'' The record confirms beyond question the truth of that statement and no prejudice of any kind was claimed. Sections 281, 293 and 684 of the Code of Criminal Procedure afford ample support for this ruling.

" § 281. *Statement as to person injured or intended to be injured.* When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material.''

" § 293. *When amendment allowed.* Upon the trial of an indictment, when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended, according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable.''

" § 684. *Errors, etc., when not material.* Neither a departure from the form or mode prescribed by this Code, in respect to any pleadings or proceedings, nor an error or mistake

therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice, in respect to a substantial right.''

The criminal act charged in the indictment was obtaining money from O'Rourke with his consent induced by threats to injure the business in which he was engaged. No new crime was presented by the amendment. The facts that the money was owned by the corporation and that the business threatened was the corporate business in no way changed the criminal act charged or the manner in which it was committed. No insufficiency of allegation was supplied by the amendment and no new acts independent of those presented in the original indictment were added to the charge. There was merely a correction of the indictment to conform to the proof that the money extorted was the property of the corporation and not the property of O'Rourke. If it had been shown to be the property of O'Rourke, not a scintilla of proof other than the proof adduced would have been required to sustain the charge. Therefore, the defendant was not prejudiced in meeting the evidence adduced in support of the charge. Under these circumstances one can have no doubt that the ruling of the trial court was proper. Errors in allegations of ownership contained in indictments under circumstances similar to those involved in this case have been held properly cured by amendment on the trial. (*People* v. *Richards,* 44 Hun 278; *People* v. *Herman,* 45 Hun 175.) Both of these cases were cited with apparent approval in *People* v. *Geyer* (196 N. Y. 364). A similar situation arose in *People* v. *Johnson* (104 N. Y. 213) where in a case of seduction the victim was misnamed. Such errors are corrected in England by an amendment of the indictment. (*Reg.* v. *Marks,* 10 Cox's Crim. Cases 367. See, also, *Mackguire* v. *State,* 91 Miss. 151.)

The record discloses evidence amply sufficient to sustain the verdict.

On December 19th Lamm and O'Rourke met in Lynbrook, where O'Rourke gave to the defendant, Lamm, $225 in bills which had previously been marked for identification. O'Rourke's testimony, if believed, shows that this transaction was the culmination of a series of demands which Lamm had made upon him for the payment of the money, with assurances

that if the money was paid he would have no labor trouble, but that if it was not paid he would be put out of business by the refusal of union painters to work in his employ. Lamm was a special organizer for District Council 28 of Painters, Decorators and Paperhangers of America and O'Rourke was engaged in the painting and decorating business in the territory over which Lamm had jurisdiction. The defendant vigorously denied making any threats and claimed that $210 of the money was paid to him for forty-two tickets for a labor union dinner in Westchester and that fourteen dollars was paid to him to cover seven months' union dues of O'Rourke's brother-in-law, John Duffy. The defendant does not account for the additional dollar.

The issue presented was clearly one of credibility, and, since we may not consider the weight of the evidence, we may not set the verdict aside.

The other points raised by the appellant,— one relating to the cross-examination of character witnesses and the other to an informality in the polling of the jury,— are not supported by objections or exceptions.

The judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.