THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. BONAFACIO CRUZ, Respondent.— Appeal by the People of the State of New York from an order of the County Court, Kings County, denying a motion to amend an indictment charging the crimes of sodomy, assault, and endangering the health or life of a child, by substituting the correct name of the injured party, and dismissing the indictment. The indictment, which described the person alleged to have been the subject of the crimes charged as a child, thirteen years of age, erroneously stated her name to be Graciela Jiminez, instead of Theresa Martinez. Graciela Jiminez is the name of the child's mother, and it is obvious that the Grand Jury did not intend to refer to her as the person injured. In denying the motion to amend, and dismissing the indictment on his own motion, the learned County Judge stated that he was without authority to allow the amendment. Order reversed on the law and indictment reinstated. We do not decide, on the record presented, whether the County Court was required to grant the motion to amend. We consider it advisable to state, however, that we see no impediment to an amendment of the indictment by the trial court to correct an obvious error in the statement of the name of a person therein referred to, if the amendment is made according to the proof and if the rights of the defendant will not be prejudiced. (See Code Crim. Pro., §§ 281, 293; *People* v. *Johnson*, 104 N. Y. 213; *People* v. *Lamm*, 292 N. Y. 224, and *People* v. *Geyer*, 196 N. Y. 364.) Although the name of the person injured should be stated to identify the crime charged, to permit a defendant to prepare his defense, and to prevent double jeopardy (*People* v. *Devinny*, 227 N. Y. 397; *People* v. *Corbalis*, 178 N. Y. 516), it is a detail which serves merely to describe the crime and does not form a part of the substance or body of the offense charged (*People* v. *Johnson, supra; People* v. *Lamm, supra*). Allegations as to such details may in a proper case be amended to prevent the escape of guilty persons, and a miscarriage of justice through inconsequential technicalities. (*People* v. *Geyer, supra*.) While it may be that the proof submitted by the People was not sufficient, at the time when the motion to amend was

made, to justify, or require, the granting of the motion, it was, nevertheless, error to dismiss the indictment of the court's own motion. The dismissal does not appear to have been directed pursuant to the authority granted by section 671 of the Code of Criminal Procedure, and, in our opinion, it may not be sustained thereunder, or as an exercise of a power inherent in the court. (Cf. *People* v. *Glen,* 173 N. Y. 395.) Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.