THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD EARL TRIMM, Appellant.

Third Department, December 27, 1967.

*Michael W. Duskas* for appellant.

*William H. Power, Jr., District Attorney (Preston C. Carlisle* of counsel), for respondent.

STALEY, JR., J. This is an appeal by defendant from a judgment of the County Court of St. Lawrence County, convicting defendant, after a jury trial, of the crime of unauthorized use of a motor vehicle in violation of section 1293-a of the [former] Penal Law.

The defendant was indicted by a short-form indictment. The People supplied a bill of particulars which stated as follows: " That the defendant, on or about December 23, 1966, about or after 11:00 P.M., on that day, at the Sales Garage and home of Francis R. Thomas, R. D. #1, Colton, New York, did without the consent of the owner, take, use and operate a 1966 Motor-Ski for his own use or purpose, a felony."

On the trial it developed that the 1966 Motor-Ski was not the property of Francis R. Thomas, a dealer in snowmobiles, but rather the property of Glenn Latimer of Massena, New York, who had left it with Francis R. Thomas shortly before it was taken with the intent of trading it for a new snowmobile on the following day. Glenn Latimer did not testify before the Grand Jury, but did testify at the trial to the effect that he did not authorize the defendant to use his snowmobile.

At the trial the defendant twice moved to dismiss the indictment on the ground that the indictment, as amplified by the bill of particulars, implied that Francis Thomas was the owner. These motions were denied and, on motion of the District Attorney, the bill of particulars was amended to name Glenn Latimer as owner of the snowmobile.

The defendant now contends that the indictment is defective since the Grand Jury received no testimony from the owner of the vehicle, but it does not follow that evidence of a taking without permission was not presented and the unrebutted presumption is to the contrary (*People* v. *Sweeney,* 213 N. Y. 37; *People* v. *Howell,* 3 N Y 2d 672; *People* v. *Downs,* 5 A D 2d 935). Also without merit are appellant's contentions that the bill of particulars could not cure the defective indictment and that the amendment of the bill of particulars during the trial was prejudicial to him.

An indictment may be amended upon the trial when a variance between the allegations therein and the proof shall appear with respect to the name of any person if the defendant cannot thereby be prejudiced in his defense on the merits. A bill of particulars may likewise be so amended (see Code Crim. Pro., §§ 293, 295-j; *People* v. *Lamm,* 292 N. Y. 224; *People* v. *Geyer,* 196 N. Y. 364; *People* v. *Cruz,* 285 App. Div. 1076).

The erroneous allegation as to the person injured is not material since the name of the victim or injured person merely serves to describe the crime charged and does not form a part of the substance or body of the crime charged (Code Crim. Pro., § 281).

The defendant's contention that the evidence as to the value of the snowmobile was insufficient to warrant conviction of the crime of grand larceny in the first degree is without merit. Sufficient evidence exists in the record to establish that the value of the snowmobile was in excess of $500.

The judgment should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Judgment affirmed.