THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES THOMAS ROBINSON, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered July 12, 1978, upon a verdict convicting defendant of the crime of attempted assault in the second degree. On December 17, 1977, defendant, while an inmate at the Coxsackie Correctional Facility, refused to re-enter his cell pursuant to the oral order of Correction Officer Browne. After Browne pushed defendant into his cell, defendant struck the officer in the face with his fist. Defendant was indicted for assault in the second degree (Penal Law, § 120.05, subd 3) and, after a jury trial, convicted of the crime of attempted assault in the second degree. On this appeal, defendant assigns as reversible error (1) the amendment of the indictment so as to insert Correction Officer Browne's name rather than that of Correction Officer Perin, (2) trial court permission of examination of a witness for the People concerning his Grand Jury testimony, and (3) the assertion that he was convicted of a nonexistent crime. We find no merit in these contentions. An indictment may be amended before trial or even during trial with respect to errors concerned with "names of persons" (CPL 200.70, subd 1; cf. *People v Trimm,* 29 AD2d 83; *People v Cruz,* 285 App Div 1076) provided that upon amendment the court, upon application of the defendant, order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense. The defendant made no such application. Moreover, the bill of particulars recited the assault was made on Officer Browne. Next, Officer Browne testified at trial that he was struck by defendant three times and felt "pain severe enough that it hurt" and, further, that "it hurt * * * the only way I can describe it * * * it was pain". On direct examination by the prosecutor, Browne testified that he had given previous testimony "that was different in words" in that he had heretofore testified that the pain he received "was not pain enough to make me pass out or anything like that and that it didn't bother me". Citing *People v Fitzpatrick* (40 NY2d 44) and CPL 60.35, defendant contends that since Browne's trial testimony supported the People's case, it was error to admit the reinforcing Grand Jury testimony. Both CPL 60.35 and *Fitzpa-*

*trick (supra)* only condemn use of a prior inconsistent statement to refresh a witness' recollection when that witness has testified upon a material issue in a manner that does not tend to disprove the position of the party who called him. Here, while the prosecutor's tactic may have been objectionable on the ground it improperly bolstered Browne's testimony, the error, if any, was harmless since defense counsel read portions of Browne's Grand Jury testimony concerning pain to the jury, and, further, the jury found defendant guilty of attempted assault in the second degree, thereby implicitly finding that he did not sustain a physical injury. Finally, defendant was properly convicted of attempted assault in the second degree as a lesser included crime of assault in the second degree under subdivision 3 of section 120.05 of the Penal Law, since there was a basis in the evidence for finding defendant innocent of assault in the second degree but guilty of attempted assault in the second degree (see *People v Asan,* 22 NY2d 526, 530). To commit assault in the second degree under subdivision 3 of section 120.05, it is necessary that the defendant intend to prevent a peace officer from performing a lawful duty *(People v Wheeler,* 36 AD2d 549). An attempt to commit a crime requires an intent to commit the crime and an act tending to effect the commission of the crime attempted (Penal Law, § 110.00). Here, there was evidence from which the jury was entitled to conclude that the necessary elements existed: the intent to prevent Officer Browne from performing his lawful duty and an act tending to effectuate the intent, i.e., striking him about the head with his fists, but without inflicting physical injury. Thus, it was legally possible for defendant to attempt to commit the crime charged in the indictment (see CPL 1.20, subd 37; see, also, Penal Law, § 110.10; *People v Leichtweis,* 59 AD2d 383, 387). A finding by the jury that physical injury was not sustained should not preclude a finding that defendant attempted to inflict such injury. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.