■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICE KEGELMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered February 5, 1979, convicting her of sodomy in the first degree, attempted grand larceny in the first degree, unlawful imprisonment in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. Due to an oversight, and with no indication of bad faith, a taped statement made by the complainant to the police was not made available to the District Attorney, or, therefore, to the defense, until two days after the conclusion of the complainant's testimony. However, the District Attorney made the existence of the taped statement known to the defense immediately upon his learning of it, and as the trial was still in progress at that time, the court permitted the defense to resume its cross-examination of the complainant relative to the taped statement. Under these facts, we hold that the People complied with their obligations under *People v Rosario* (9 NY2d 286) (see *People v Pinion*, 56 AD2d 664). We note further that since defendant interposed a defense of duress at trial, the court acted properly in permitting the People to introduce rebuttal evidence tending to show defendant's propensity to commit crimes similar to the crimes charged (see *People v Calvano*, 30 NY2d 199). Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CUYLER REDDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 18, 1978, convicting him of murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Prior to this trial, the trial court amended the indictment to delete the name of the codefendant, who had previously been acquitted of the instant charges. It cannot be said that this amendment of the indictment prejudiced defendant in his defense on the merits or altered the theory of the People's case (see CPL 200.70; *People v Trimm*, 29 AD2d 83; cf. *People v Boyd*, 59 AD2d 558). Therefore the amendment was proper. We have considered defendant's remaining points and find them to be without merit. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.