■ In the Matter of SHANNON B., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated January 14, 1985, which, upon a fact-finding order dated November 8, 1984, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree, obstruction of governmental administration, and resisting arrest, placed her on probation for six months.

Order of disposition affirmed, without costs or disbursements.

On March 16, 1984, New York City Police Officer Yvonne Ortiz and her partner were assigned to truancy duty, the purpose of which was to pick up students who were out of school during school hours and return them to the Board of Education. The officers were in uniform and driving in a police van at about 10:15 A.M. in the vicinity of Adelphi Street in Brooklyn when they observed the then 14-year-old appellant outside, about one-half block from the main entrance to Rothschild Junior High School.

The appellant came over to the police van when called by Officer Ortiz, but was unable to give an answer to the officer's questions as to why she was not in school. She then entered the van at the officer's request. The van was occupied by two other youths and while it proceeded to the Board of Education, the appellant became verbally abusive and stated that she was going to get out of the van while it was in motion. When Officer Ortiz went to sit in the back of the van to prevent the appellant from leaving, the appellant struck her in the nose with her forearm. A struggle ensued, and in subduing the appellant and handcuffing her, Officer Ortiz sustained a sprained thumb. The officer was treated at a hospital for a contusion of her nose and the sprained thumb.

A petition was filed in the Family Court charging the appellant with acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, obstructing governmental administration and resisting arrest. During a fact-finding hearing, Officer Ortiz testified that the appellant was placed under arrest after she struck the officer. Upon a motion to dismiss the petition by the appellant's counsel, the court reduced the count charging the appellant with acts, which, if committed by an adult, would have constituted assault in the second degree to attempted assault in the

second degree, based upon its conclusion that Officer Ortiz did not sustain physical injury sufficient to support the original charge. The court found the appellant guilty of acts, which, if committed by an adult, would have constituted attempted assault in the second degree, obstruction of governmental administration and resisting arrest.

On this appeal, the appellant challenges the court's findings of fact on numerous grounds, including a contention that the enforcement power of the compulsory education laws is exclusively conferred on certain school officials under Education Law § 3213. She maintains that the police department therefore has no authority to detain truants. We disagree.

The appellant was stopped and detained not on suspicion of criminal activity, but under the noncriminal compulsory education laws enacted for the protection and not the prosecution of children. The officer who detained the appellant is clearly charged with effectuating the State's *parens patriae* interest, a legitimate exercise of police power *(see,* NY City Charter § 435 [a]; *Matter of Julio R.,* 129 Misc 2d 171). The Supreme Court, in other contexts, has recognized that society has a legitimate interest in protecting juveniles, and has employed special standards to determine the legality of governmental intrusion upon their rights *(see, e.g., New Jersey v T.L.O.,* 469 US 325, 338-343; *Schall v Martin,* 467 US 253).

Viewed with these considerations in mind, we agree with the Family Court's findings that the appellant was properly detained by Officer Ortiz and subsequently arrested after she struck the officer in an attempt to leave the police van. The evidence is sufficient to support the court's further finding that the appellant was guilty of committing the acts charged. Finally, we find no merit to the appellant's contention that the finding concerning the attempted assault in the second degree charge should be dismissed. The evidence demonstrated that in striking Officer Ortiz, the appellant intended to prevent her from performing her lawful duty (Penal Law §§ 110.00, 120.05 [3]; *People v Robinson,* 71 AD2d 779, 780). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.