■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RAMOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered May 18, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The facts presented at the trial showed that the defendant and his codefendant, Renee Rondon, held up a grocery store in which several people were present, and forcibly stole money from the store's owner, Antonio Pena. During the course of this robbery, Rondon shot and killed Pena.

The first count of the indictment, charging the defendant and the codefendant with felony murder, alleged that "[t]he defendants each aiding the other on or about October 13, 1980, in the County of Kings, having committed the crime of robbery, and in the course of and in furtherance of such crime

and in immediate flight therefrom, caused the death of Antonio Pena he being other than a participant, by shooting him with a deadly weapon". The defendant contends that the trial court improperly amended the indictment in violation of CPL 200.70 (1) and (2), by instructing the jury that it could find him guilty of this count if it found that he forcibly stole money from Antonio Pena. We disagree. This instruction did not alter the theory of the prosecution under this count of the indictment, which was that the defendant committed felony murder with robbery as the underlying felony *(see,* CPL 200.70 [1], [2]), nor did it improperly broaden the scope of the indictment so as to prejudice the defendant or subject him to the possibility of another prosecution for the same offense *(see, e.g., Berger v United States,* 295 US 78; *United States v Heimann,* 705 F2d 662). Rather, where, as here, the indictment simply charged the defendant with murder in the second degree without specifying the victim of the underlying robbery or limiting the crime to any particular victim, the trial court, by specifying such victim or limiting itself to only naming Antonio Pena as the victim in its instructions to the jury, actually narrowed the possible theories upon which the jury could find the defendant guilty. Such an instruction was not an improper amendment of the indictment and did not prejudice the defendant *(see, United States v Heimann, supra).*

Nor can it be said that the defendant was misled or taken by surprise in this case by a discrepancy in the facts alleged in the first count of the indictment, which did not specify any victim of the robbery, and the facts adduced at the trial, which established that Pena was the victim. The indictment notified the defendant that the count of felony murder involved the underlying crime of robbery, not specifically limited to any individual. In addition, the defendant confessed on videotape to stealing certain money from behind the counter in Pena's store, and later splitting the money with his accomplice. Even though there was no specific count in the indictment charging the defendant with the robbery of Pena, once the court decided not to suppress the videotape, it would be unreasonable for the defendant to believe that it would not be used as proof of the robbery of Pena. In light of this videotaped confession, it would be even more unreasonable for the defendant to believe that he could have structured his defense *in an alternative* manner which would have been successful in proving that he did not rob Pena.

We have reviewed the defendant's other contentions, including those raised in his supplemental *pro se* brief, and find

them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.