*461 OPINION OF THE COURT
Chief Judge Wachtler.
The primary issue before us on this appeal is whether a New York City police officer had authority to detain appellant, a suspected truant, with the intention of transporting her to the Board of Education for further investigation and processing.
 We conclude that the officer had such authority and, therefore, was at the time performing a lawful duty. Accordingly, appellant’s acts of resistance, which included striking the officer, were acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration (Penal Law § 195.05) and attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). Her continued resistance after being placed under arrest was conduct which, if committed by an adult, would have constituted the crime of resisting arrest (Penal Law § 205.30). Thus, she was properly adjudicated in the Family Court to be a juvenile delinquent.
On March 16, 1984, a day that public school was in session, at approximately 10:15 a.m. two New York City police officers observed appellant standing on a sidewalk one-half block from Rothschild Junior High School in Brooklyn. The police were on a truancy patrol in a van with police markings, and called to her to come over to the van. Appellant approached the van and was asked by Officer Yvonne Ortiz why she was not in school. According to Ortiz, appellant "was unable to really give an answer to that”, so she was asked to step into the van. She complied, but soon became belligerent and abusive, threatening to exit the van while it was in motion. Officer Ortiz climbed to the back of the van to prevent her from leaving, but appellant struck Ortiz with a forearm blow to her nose. A struggle ensued, and appellant was eventually handcuffed and arrested. A juvenile delinquency petition subsequently was filed, charging appellant with the commission of acts which, if committed by an adult, would constitute the crimes of assault in the second degree, resisting arrest, and obstruction of governmental administration.
*462 After a fact-finding hearing at which Officer Ortiz was the only witness, Family Court found appellant guilty of all charges, except that the court reduced the assault charge to attempted assault. The court adjudicated appellant a delinquent and placed her on six months’ probation.
The Appellate Division affirmed (122 AD2d 268), rejecting appellant’s argument that she could not be convicted for any crime because she had been unlawfully arrested for suspected truancy without statutory authorization. The court noted that appellant had not been detained on suspected violation of any criminal law, but, rather, on suspected violation of the noncriminal compulsory education laws "enacted for protection and not the prosecution of children” (id., at 269). Furthermore, according to the court, the police clearly possess the authority to implement the State’s parens patriae interest. Accordingly, the court found the police action to be proper, and affirmed Family Court’s dispositional order.
The Appellate Division did not explicitly address the constitutional argument upon which appellant hinges her appeal as of right to this court (see, CPLR 5601 [b] [1]) — that even if the police possess authority to detain suspected truants, the seizure must be supported by probable cause. The record reveals that this argument was first raised on the appeal to the Appellate Division. The issue is therefore not preserved for our review and the appeal as of right must be dismissed on the ground that no substantial constitutional question is directly involved. Anticipating this development, however, appellant moved at oral argument for leave to appeal, relief which we grant to consider the important issue of the scope of police authority in these circumstances.
We conclude that New York City police officers have authority to detain suspected truants. Appellant’s argument to the contrary rests on an unduly narrow view of the traditional and appropriate role of the police in our society. As we have noted in another context, the role of the police is not limited to the enforcement of the criminal law. Instead, their role is "a multifaceted one * * * Among other functions, the police in a democratic society are charged with the protection of constitutional rights, the maintenance of order, the control of pedestrian and vehicular traffic, the mediation of domestic and other noncriminal conflicts and supplying emergency help and assistance” (People v De Bour, 40 NY2d 210, 218).
Section 435 (a) of the New York City Charter reflects this *463 understanding by conferring upon the police the obligation and attendant authority to "preserve the public peace, prevent crime, detect and arrest offenders * * * protect the rights of persons and property, guard the public health [and] enforce and prevent the violation of all laws and ordinances in force in the city”. We agree with the lower courts in this case and with the view that the enforcement of the State’s compulsory education laws is well within the scope of this grant of authority and the traditional role of the police that it restates (see, Education Law art 65; Matter of Julio R., 129 Misc 2d 171, 173).
We are not persuaded to conclude otherwise by appellant’s reference to Education Law § 3213 (1) (a) and (2) (a), which confer the authority to arrest truants upon certain attendance officers appointed by school officials. The failure of the Legislature to designate police officers as beneficiaries of this grant of authority does not compel the conclusion, advanced by appellant and accepted by the dissent, that the legislative intent was to withhold such authority from them. As noted above, police officers derive their authority to enforce the compulsory education laws from sources independent of Education Law § 3213 (2) (a). The grant of enforcement powers to attendance officers is simply a grant of authority to those who otherwise would not have it; it does not implicitly divest such power from those who hold it from other sources. The authority of attendance officers is not exclusive or inconsistent with police participation in enforcement. Rather, their roles are harmonious and complementary, both legally and practically.
Appellant also contends that Education Law § 3213 (2) (a) requires those enforcing the law to be certain that a student is, in fact, a truant before the student may be detained. We disagree. Although the statute authorizes the arrest of a student who "is unlawfully absent”, the strict interpretation of that language pressed by appellant — which would require the enforcement officer to negate every lawful excuse for the student’s absence before making an arrest— would erect an insurmountable barrier to enforcement, in conflict with the salutary goals the enforcement mechanisms were designed to achieve (see, Education Law § 3213 [1] [a]). The circumstances presented here — an apparently school-age child on the street a half block away from the nearest school at a time when school was in session and unable to give an explanation for her absence — gave Officer Ortiz a sufficient *464 factual basis to detain her and transport her to the Board of Education for further investigation and processing.
In sum, we conclude that Officer Ortiz exercised lawful authority and that the charges in the petition were properly sustained.
Accordingly, the appeal taken as of right should be dismissed upon the ground that no substantial constitutional question is directly involved. Appellant’s motion for leave to appeal should be granted and the order of the Appellate Division affirmed, without costs.