Bellacosa, J.
(dissenting). I vote to affirm the Appellate Division order upholding defendant’s conviction for attempted assault in the second degree against two police officers. He was charged with attempted rape, first degree, sexual abuse, first degree, unlawful imprisonment, second degree, and two counts of assault, second degree; and he was convicted after a nonjury trial of one count of sexual abuse, third degree, and two counts of attempted assault, second degree. The issue is *608 whether attempted assault under the circumstances of this case is a cognizable crime.
The salient facts are that defendant intended to prevent the police officers from performing their lawful duty by attempting to inflict physical injury upon them. Both arresting officers suffered physical injuries and required medical treatment following their altercation with defendant. Testifying on his own behalf, defendant stated that prior to his arrest he had “main lined” cocaine intravenously, that he became paranoid, and that he had “certainly tried to get away from [the officers]” while they attempted to handcuff him.
A person is guilty of assault, second degree, when “[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer” (Penal Law § 120.05 [3] [emphasis added]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00 [emphasis added]). Both provisions contain specific intent elements. When only one culpable mental state “appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears” (Penal Law § 15.15 [1]). "A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability” (Penal Law § 15.15 [2]).
The majority’s reversal analysis overrides the plain wording of and specified rules of interpretation for these related statutes. Moreover, strict liability statutes are generally disfavored (Packer, Mens Rea and the Supreme Court, 1962 Sup Ct Rev 107, 109) and are typically crimes against the public welfare of the misdemeanor variety (1 LaFave and Scott, Substantive Criminal Law § 3.8, at 341). In contrast to the guidance offered by the Model Penal Code § 2.05, which permits the substitution of strict criminal liability in lieu of traditional common-law mens rea only for noncriminal violations, the majority holds that a New York class D felony, with an express culpable mental state element, is a strict liability crime.
Overriding the presumption of Penal Law § 15.15 that a culpable mental state of a statute applies to all the elements, absent clear legislative intent to the contrary, the majority simply states, without any supporting authority, that the *609 Legislature contemplated fracturing the intent element of the assault statute so as to apply only to the obstruction of a lawful duty and not to the prescribed physical injury result. It treats the latter as unintended or accidental. Thus, it is concluded that there can be no attempt to commit an assault because one cannot intend to commit an unintended result. This dialectical reasoning trips over its asserted logic right at the starting blocks because the hypothesis that Penal Law § 120.05 (3) is a strict liability felony cannot stand up.
This court has consistently applied the rule of construction mandated by Penal Law § 15.15 that "[i]n the absence of a clear legislative intent to impose strict criminal liability, such construction should not be adopted” (People v Coe, 71 NY2d 852, 855; see, People v Chesler, 50 NY2d 203, 209). We have held offenses to be of the strict liability variety where the statute specifies only an actus reus, where the purpose of the law suggests that it is a strict liability offense and where the legislative history indicates an intent that the offense was one of strict liability (see, People v Nogueros, 42 NY2d 956, 956-957; see also, 1 LaFave and Scott, Substantive Criminal Law § 3.8, at 342-344). None of those situations apply here.
The Legislature instead expressly provided that Penal Law § 120.05 (3), the felony at issue here, was a specific intent crime. The purpose of the statute is to impose criminal responsibility for certain physical injuries arising from intended acts against a special category of crime victim, a growing phenomenon. Legislative history even discloses that the drafters intended that a specific sliding scale of culpability should apply to each of the felony assault varieties, with an attempt to commit those offenses being an available lesser crime as well. "The proposed assault formulation, requiring actual physical injury, places the crime of assault in the main category of offenses (robbery, larceny, perjury, etc.) which are committed only when the offender succeeds in his criminal objective. And as with other offenses of this nature, an unsuccessful endeavor (a common law assault not resulting in a battery) constitutes an attempt. Attempted assault,’ therefore, becomes a logical and meaningful offense under the proposed Article, having considerable utility in connection with certain specific intent assault crimes” (Proposed New York Penal Law, Commission Staff Notes, at 330-331 [emphasis added]).
Contrary to the majority’s footnoted characterization of what I am "apparently argu[ing],” my position is simply *610 compelled by the mandate of the relevant Penal Law statutes properly interpreted together. Moreover, the ratio decidendi of People ex rel. Gray v Tekben (57 NY2d 651) does not nearly support the proposition promoted by the majority. Gray, charged with assault, second degree (Penal Law § 120.05 [3]), asserted as his defense that he lacked intent to interfere with a correction officer. The Judge in that bench trial, sua sponte, considered as a lesser included offense assault, third degree (Penal Law § 120.00 [1] [assault with intent to injure]). On appeal, Gray argued "assault with intent to injure is not a lesser included offense of assault with intent to interfere with a peace officer”. He asserted that "[t]hese two intents are quite different and simply cannot be considered to be included within each other”. Gray, construing the lesser included offense rule did not hold that Penal Law § 120.05 (3) was a strict liability felony and our opinion was expressly limited to the lesser included issue. That is a matter different in kind and in sweep, from the issue in this case — whether there can be such a crime as attempted assault. Searching analysis is required to decide this case, not out-of-context extrapolations from our and the Appellate Division’s memoranda decisions in Gray.
If dicta words are to be given such decisive weight, however, then I respectfully suggest that the more relevant, more recent and more persuasive dictum of Matter of Shannon B. (70 NY2d 458) on the precise question at hand ought instead to be controlling rather than snippets of language from People ex rel. Gray v Tekben (supra). Chief Judge Wachtler in Matter of Shannon B. (supra) said that "appellant’s acts of resistance, which included striking the officer, were acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration (Penal Law § 195.05) and attempted assault in the second degree (Penal Law § 110.00, 120.05 [3])” (id., at 461 [emphasis added]). A year later, the court announces there can be no such crime.
Also, in one fell swoop, at least a half dozen other appellate determinations on this subject are seemingly overturned (see, People v Jackson, 111 AD2d 983; People v Lattmen, 101 AD2d 662; People v Roberts, 99 AD2d 761; People v Nelson, 92 AD2d 1036; People v Early, 85 AD2d 752; People v Robinson, 71 AD2d 779 [in response to "the assertion that he was convicted of a nonexistent crime”, the court held "it was legally possible for defendant to attempt to commit the crime” [id., at 780 (emphasis added)]).
*611 It is instructive to consider this court’s discussion of attempted assault as it plays off felony murder. A fleeing criminal who does not intend to kill a pursuing officer "but only intended to frighten or so wound the officer as to prevent his effecting the defendant’s arrest” is, under a predecessor statute (Penal Code § 218 [5]), guilty of either assault or attempted assault (People v Hüter, 184 NY 237, 242-244; see also, People v Berzups, 49 NY2d 417). This long-standing implicit recognition of attempted assault against a police officer in the performance of duty, the statutory language itself, and the legislative history of all the related legislative expressions, make a compelling case for affirmance. It is very hard for me to figure out how this court can reject this array of authorities and now simply declare that there cannot be such a crime of attempted assault on the ground that the consummated crime was a strict liability felony when defendant was, in fact, convicted for a specific intent crime.
Even if I were to accept for argument’s sake only that Penal Law § 120.05 (3) could be a strict liability felony, the ultimate conclusion that there can be no such crime as an attempt of it is, on its own analysis, odd. Unless I misunderstand the majority, a perpetrator acting with the highest degree of mental culpability — specific intent — cannot be guilty of a lesser included offense — a class E felony — by attempting to commit the object crime which requires no criminal mental state — a class D felony. The paradox of this topsy-turvy result should be plain to all. After all, the higher classified crime is said to require no culpable mental state, while the lower attempt one is said to require the highest known to the law; yet the latter, which imposes a higher elemental and evidentiary burden on the prosecutor, is declared impossible to commit — by definition. The "logic” of this syllogism eludes me. Moreover, the Legislature, I would assume, will be startled to learn it is saddled with such impotency on this flawed threshold premise.
Even in those jurisdictions where an assault is categorized by statutory definition as attempted battery, "the courts have upheld convictions for attempted assault on the ground that the crime of assault — with its usual requirement of present ability to inflict injury — is more limited than attempted battery” (2 LaFave and Scott, Substantive Criminal Law § 6.2, at *612 21). Surely, then, where the definition of assault embraces the common-law definition of both assault and battery, the crime of attempted assault should be existentially available. Where one acts with intent to prevent an arrest and engages in conduct tending to effect a physical injury in that connection, then an attempt conviction after prosecution on the consummated crimes should be sustained (see, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 110, at 412, and its cited cases).
I do not believe that an attempted assault under Penal Law § 120.05 (3) should be analogized in any event with attempts to commit nonspecific intent type crimes or other inapposite offenses dependent on the legal conceit of transferred intent. That would make the sweep of the holding here even more regrettable. Felony murder is surely not a strict liability offense nor has this court ever recognized it as such. Rather the predicate felony "functions as a replacement for the mens rea or intent necessary for common-law murder” (People v Berzups, 49 NY2d 417, 427, supra). Further, the lesser culpable mental state categories of criminal negligence and recklessness will not generally support an attempt conviction to commit crimes premised on such nonintent culpability. Yet, under specific and limited circumstances, despite the express argument that no such crime exists, we have upheld such convictions. In People v Foster (19 NY2d 150), we held that defendant could plead guilty to attempted manslaughter, second degree, requiring specific attempt intent, even though the statutory definition of the crime itself was causing death "without a design to effect death” (see also, People v Francis, 38 NY2d 150).
In sum, the assault statute at issue creates a specific intent crime. So a conviction for its attempt based on a founded intent to commit the crime with an act in its furtherance is existentially possible and should be recognized. Abstract logic, even if correctly applied, has no role to play in overriding the Legislature’s policy choices and prerogatives in creating, defining and classifying crimes in this State. We should hearken to the settled law, simple justice and plain legal logic which sing out in harmony for an affirmance of the judgment of conviction in this case.
*613 Accordingly, defendant’s conviction for attempted assault in the second degree should be sustained.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to affirm in a separate opinion. Order, insofar as appealed from, reversed, etc.