THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILFORD J. SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: Contrary to defendant's assertion, the

court did not amend the indictment in its instructions to the jury. It is not essential that the indictment include the victim's name as an element, so long as the indictment gives defendant sufficient notice of the charges to allow him to prepare his defense *(see, People v Trimm,* 29 AD2d 83; *People v Cruz,* 285 App Div 1076). In this case, the indictment gave defendant sufficient notice of the charges. If defendant had desired the name of the victim to which each separate count of the indictment referred, he could have requested a bill of particulars. This he did not do. The proof in the case was that defendant committed sodomy with two young men. The fact that the trial court instructed the jury that count one would apply to "A" and count two would apply to "B" did not in any way alter the theory of the People at trial *(see, People v Ramos,* 134 AD2d 295, 296, *lv denied* 70 NY2d 1010).

We have reviewed defendant's other arguments on appeal and find them to be without merit. (Appeal from judgment of Yates County Court, Dugan, J.—sodomy, third degree; unlawfully dealing with a child.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.