In the Matter of DEVON B., a Person Alleged to be a Juvenile Delinquent, Appellant.–

On April 15, 1988, New York City Police Officer David Driscoll, assigned to an anticrime patrol, was in uniform and driving an unmarked car at about 11:25 A.M. in the vicinity of Warren Street in Brooklyn. He observed the 15-year-old appellant standing on the street in a drug-prone area. Officer Driscoll recognized the appellant from the scene of a shooting, which had occurred a week earlier, and wanted to speak to him about it and about his reasons for not being in school.

When Officer Driscoll drove up next to the appellant and asked for his name, the appellant stammered and slowly backed away while reaching for his waistband. Officer Driscoll then exited his car, patted down the appellant near his waistband, and recovered a pistol.

We find that the Family Court properly denied the appellant's motion to suppress the weapon.

Initially, Officer Driscoll was justified in stopping the appellant as a possible truant under the Education Law *(see,* Education Law § 3213 [2] [a]; *Matter of Shannon B.,* 70 NY2d 458), and under the officer's common-law right of inquiry *(see, People v De Bour,* 40 NY2d 210). Having established that the stop was justified, the subsequent pat down of the appellant's waistband area was reasonable under the circumstances *(see, People v De Bour, supra).* Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.