■ In the Matter of DAVID B., Respondent.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Demarest, J.), entered August 2, 1989, which, after a hearing, granted the respondent's motion to suppress physical evidence.

Ordered that the order is affirmed, without costs or disbursements.

On April 10, 1989, Police Officer Eileen Barrett and her partner received a radio transmission while on patrol reporting "a robbery in progress, with a gun involved" at 486 Columbia Street. The suspect was described as a "male Black with a multi-colored jacket". The officers arrived at that

location within one minute and entered the lobby of the building. The officers, observing a black male in the second floor hallway, proceeded to the second floor where they observed the respondent wearing a multi-colored jacket. They did not observe anyone else on the second floor. Officer Barrett observed a bulge about the size of her fist in the respondent's left pocket. Fearing that the bulge "was the gun that was involved in the robbery", she and her partner, without making any inquiry, placed the respondent against the wall and frisked him. During this frisk, the officers reached into the respondent's left pocket and recovered 94 vials of a white rocky substance and another 32 vials from his right pocket. Thereupon, the officers arrested the respondent on charges of possession of a controlled substance.

In order to justify a stop and frisk without an inquiry, an anonymous tip must contain an "unusually detailed and accurate description of the person" or be accompanied by "attendant circumstances which would provide objective, independent proof of the reliability and accuracy of the information [or] exigent circumstances" *(People v Bond,* 116 AD2d 28, 29). Where, as here, the presenting agency fails to produce the police officer who sent the radio transmission, despite a legal challenge to the sufficiency of the predicate for the police action, it was required to establish that the information conveyed in the radio report was sufficiently precise and congruous with the observations of the arresting police officers to ensure its reliability *(see, People v Benjamin,* 51 NY2d 267, 270; *see also, People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210, 214).

Unlike a bulge in the waistband or a bulge in the shape of a gun, "telltale" signs of a weapon, an undefined bulge in a pocket could be caused by any number of innocuous objects and does not provide the basis for a frisk *(see, People v Stewart,* 41 NY2d 65; *People v De Bour,* 40 NY2d 210, 221; *People v Sanchez,* 38 NY2d 72, 74-75; *see also, People v Bernard,* 41 NY2d 759, 762-763; *compare, People v Prochilo,* 41 NY2d 759, 762-763). Moreover, there was no testimony that the respondent ever moved his hand toward his pocket, which might have been construed by the officers as reaching for a weapon *(cf., People v Benjamin, supra; People v Stone,* 86 AD2d 347, 348-349, *affd* 57 NY2d 762, *cert denied* 459 US 1212). Here, the general description broadcast over the police radio and the presence of an undefined bulge in the respondent's pocket could, at most, generate a belief that criminal activity was afoot, justifying only a verbal and visual inquiry

*(see, People v Stewart, supra,* at 68-69). Because no such inquiry was made here, the officers were not justified in conducting a frisk.

Accordingly, we agree with the Family Court that in light of the appellant's failure to produce the sending officer or to demonstrate any basis in the arresting officers' own direct observations for frisking the respondent, suppression of the evidence unlawfully seized is warranted.

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.