■ In the Matter of D'ANGELO H., a Person Alleged to be a Juvenile Delinquent.—Order unanimously affirmed without costs and petition dismissed. Memorandum: The petition in this juvenile delinquency proceeding alleges that respondent knowingly and unlawfully possessed a narcotic (cocaine) with intent to sell, an act which, if respondent were an adult, would constitute criminal possession of a controlled substance in the third degree. Respondent moved to suppress the cocaine seized from him as the product of an unlawful stop, search and seizure and to dismiss the petition. After a suppression hearing, respondent's motion was granted. We affirm.

Shortly after 10:00 A.M. on September 20, 1991, Moses Robinson, a City of Rochester police officer, observed respondent and another juvenile walking on East Main Street, Rochester. It was a school day, and Robinson suspected that the juveniles were truants. Robinson stopped the juveniles and asked them where they were going. The juveniles told Robinson that they were going to East High School, and respondent stated that he was late for school. Robinson decided to drive them to school and, before placing them in his police vehicle, conducted pat-downs of the juveniles. While patting down respondent, Robinson felt an undefined hard object in respondent's pocket. Robinson reached into respondent's pocket and

removed a medicine bottle, in which Robinson could see a white powder. The white powder was found to be cocaine.

In these circumstances, Robinson acted lawfully within his authority as a police officer when he determined to detain the juveniles and to transport them to their school (see, Matter of Shannon B., 70 NY2d 458; see also, Education Law § 3213 [2]). Because Robinson had to place the juveniles in his police vehicle to transport them to school, his pat-down of them for weapons, in the interest of protecting his safety, was justified (see, Matter of Terrence G., 109 AD2d 440, 445; see also, Matter of Mark Anthony G., 169 AD2d 89, 92).

The seizure of the object from respondent's pocket was, however, unlawful. At the suppression hearing, Robinson testified that, until after he seized the contraband from respondent's pocket, he did not know what the hard object was. Because there was no proof that he believed the hard object was a weapon, he lacked a legally sufficient basis to reach into respondent's pocket and to remove the hard object (see, Matter of David B., 172 AD2d 828; Matter of Audino M., 43 AD2d 92; see also, People v Prochilo, 41 NY2d 759, 763; People v Taveras, 155 AD2d 131, appeal dismissed 76 NY2d 871). (Appeal from Order of Monroe County Family Court, Kohout, J.—Suppress Evidence.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.