■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GAMBLE, Appellant. [620 NYS2d 655] —Judgment unanimously affirmed. Memorandum: Defendant was burglarizing a food market when he observed police officers responding to a burglar alarm. He fled on foot. Minutes later, a third officer observed defendant, who matched the detailed description broadcast by police radio, crouched down behind a patio partition at an apartment complex. That officer apprehended defendant and immediately conducted a patdown frisk. The officer felt a hard object in defendant's back pocket and, upon ascertaining that the object was a roll of coins, put the object back in defendant's pocket. He then escorted defendant to a police car, intending to transport defendant to the crime scene for a showup identification by the officers who responded to the alarm. Those officers instead arrived at the apprehension scene within minutes and identified defendant as the perpetrator.

Defendant concedes that the police had reasonable suspicion to believe that he had committed a crime and were justified in detaining him for a showup identification. He does not contend that he was under arrest at that time. His sole contention is that, because the police officer had no reason to believe that defendant was armed or to fear for his safety, the frisk was not justified. We reject that contention. Where a sufficient basis for detention exists, an officer may conduct a patdown frisk as a routine safety measure preliminary to transporting a suspect in a police vehicle for a showup identification *(see, People v Hicks,* 68 NY2d 234; *People v Smith,* 138 AD2d 972, *affd* 73 NY2d 961; *People v Sansalone,* 197 AD2d 549; *see also, Matter of D'Angelo H.,* 184 AD2d 1039, *lv denied* 80 NY2d 758; *People v Kinsella,* 139 AD2d 909, 911). Here, defendant was frisked at a time when the officer believed that defendant

would be transported for a showup identification; that frisk was justified even though subsequent events rendered transportation for a showup unnecessary. (Appeal from Judgment of Monroe County Court, Egan, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Boehm, JJ.