*763 The Family Court properly denied that branch of the appellant’s omnibus motion which was to suppress physical evidence. The evidence presented at the suppression hearing established that there was a lawful basis to stop and detain the appellant as a suspected truant (see Education Law § 3213 [2]; Matter of Shannon B., 70 NY2d 458 [1987]; Matter of Kennedy T., 39 AD3d 408 [2007]; Matter of D’Angelo H., 184 AD2d 1039, 1040 [1992]; Matter of Devon B., 158 AD2d 519, 520 [1990]), and the officer’s pat down of the book bag which the appellant was wearing was reasonable under the circumstances (see Matter of Deshaun G., 88 AD3d 707, 708 [2011]; Matter of Bernard G., 247 AD2d 91, 93 [1998]; Matter of DAngelo H., 184 AD2d at 1040; Matter of Mark Anthony G., 169 AD2d 89, 92-93 [1991]). The evidence further established that, as a result of the pat down, the officer was justified in searching the contents of the book bag (see Matter of Marrhonda G., 81 NY2d 942 [1993]; Matter of Jakwon R., 110 AD3d 723, 725 [2013]; see also Matter of Mark Anthony G., 169 AD2d at 93).
The Family Court also properly denied that branch of the appellant’s omnibus motion which was to suppress statements which he made to law enforcement personnel. The record is clear that the subject statements were spontaneous and not the product of custodial interrogation or its functional equivalent (see People v Rivers, 56 NY2d 476 [1982]; People v Roper, 208 AD2d 571 [1994]). Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.