<partyblock>

The People of the State of New York, Respondent,  

against

Richard Folio, Appellant.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered October 3, 2012. The judgment convicted defendant, after a nonjury trial, of attempted criminal possession of stolen property in the fifth degree. The appeal from the judgment of conviction brings up for review so much of an order of the same court dated June 21, 2012 as denied, after a hearing, the branches of defendant's omnibus motion seeking to suppress physical evidence and his statements to law enforcement officials.

ORDERED that the judgment of conviction is affirmed.

Insofar as is relevant to this appeal, defendant was charged with attempted criminal possession of stolen property in the fifth degree (Penal Law  110.00, 165.40). Defendant subsequently moved to, among other things, suppress evidence of the recovered GPS units and statements he had made to the police. Following a hearing, the Criminal Court denied defendant's motion, and defendant was thereafter convicted, after a nonjury trial, of attempted criminal possession of stolen property in the fifth degree.

The evidence adduced at the hearing established that the area in which defendant's arrest had taken place had had numerous incidents of GPS units being stolen from cars. On the day in question, at about noon, a police officer was flagged down by a Parks Department employee, who told him that the kids in the comfort station would not leave and, therefore, the employee could not clean the station. The officer testified that, thereafter, he "approached the four males and asked them for their ID and their school programs." He did this because, if they were truants, he would take them back to school or to the "Track Center." The officer suspected that the males were truants because the comfort station was right behind a school. While one of the males was providing the officer with his information, defendant jumped onto his bicycle, threw the backpack that was on his shoulder to the ground, and rode off. After defendant had thrown the backpack down, the officer observed four or five GPS units that had fallen out of the backpack. The officer then proceeded to chase after defendant on foot. Defendant was subsequently arrested and placed into a police vehicle, where defendant asked a different police officer why he was being arrested. That officer informed defendant that he was being arrested for possession of stolen property, whereupon defendant stated, "I know the GPSs are stolen" and "I'm holding them for someone that I am meeting."

Based on the evidence adduced at the hearing, we find, contrary to defendant's contention, [*2]that the Criminal Court properly determined that the first police officer had an "objective credible reason" (People v De Bour, 40 NY2d 210, 223 [1976]) to exercise his "fairly broad authority" (People v Hollman, 79 NY2d 181, 190 [1992]) to approach defendant to obtain identification information (see People v McIntosh, 96 NY2d 521, 525 [2001]) and to request to see his school program (see Matter of Darryl C., 98 AD3d 69 [2012]; Matter of Devon B., 158 AD2d 519 [1990]).

Although defendant had the right to be let alone and to refuse to respond to the officer's request (see People v Holmes, 81 NY2d 1056, 1057-1058 [1993]; People v May, 81 NY2d 725, 728 [1992]), the facts that the area had had many GPS units stolen from cars, that defendant threw his backpack to the ground, and that the police officer thereafter observed GPS units that had fallen out of the backpack, provided the officer with reasonable suspicion that a crime had been or was being committed (see People v Holmes, 81 NY2d at 1057-1058; People v Martinez, 80 NY2d 444, 447 [1992]; People v Nunez, 111 AD3d 854 [2013]). Since it was more probable than not that an offense had occurred and that defendant was the perpetrator (see People v Wright, 8 AD3d 304, 306-307 [2004]), the officer had probable cause to pursue, and arrest, defendant (see People v Bigelow, 66 NY2d 417, 423 [1985]; see also Dunaway v New York, 442 US 200 [1979]). The police were not required to have independent knowledge of the actual owners of the GPS units in order for there to be probable cause to arrest defendant (see People v McCowen, 159 AD2d 210, 212-213 [1990]).

In response to defendant's inquiry as to why he was being arrested, the second officer merely stated that defendant was being arrested for possession of stolen property, which response was not reasonably likely to elicit the incriminating statement by defendant that followed (see People v Rivers, 56 NY2d 476, 480 [1982]). Rather, defendant's statements that "I know the GPSs are stolen" and "I'm holding them for someone that I am meeting" were spontaneous, were not made in response to police interrogation (see People v Overby, 251 AD2d 163 [1998]), and were not made as the result of a custodial interrogation (see People v Famojure, 8 AD3d 295 [2004]). Consequently, the branch of defendant's motion seeking to suppress his statements was properly denied.

We further find that defendant had no standing to contest the seizure of the GPS units, inasmuch as his abandonment of these units was a calculated decision which attenuated the discovery of the units from any police conduct (see People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; People v Oliver, 39 AD3d 880 [2007]). In any event, the police officer's initial request for, among other things, identification "neither provoked the defendant into revealing the evidence seized nor was it designed to lead to the discovery of any evidence" (People v Boodle, 47 NY2d 398, 405 [1979]). Consequently, the branch of defendant's motion seeking to suppress the GPS units was properly denied.

Defendant's remaining contentions lack merit or are unreserved for appellate review.

Accordingly, the judgment of conviction is affirmed.

Pesce, P.J., Weston and Solomon, JJ., concur.

Decision Date: April 07, 2016

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>